307 So.2d 884 (1974)
Esperanza PADILLA, Appellant,
v.
TULSO ENTERPRISES, INC., a Florida Corporation, and John Howard, Appellees.
No. 74-624.
District Court of Appeal of Florida, Third District.
December 31, 1974.
Rehearing Denied February 25, 1975.
*885 Levenstein, Burke & Associates and E.W. Frank, Miami, for appellant.
Horton, Perse & Ginsberg, Hawkesworth, Kay & Schmick, Miami, for appellees.
Before HENDRY, HAVERFIELD and NATHAN, JJ.
PER CURIAM.
Plaintiff-appellant takes this interlocutory appeal to review the trial court's order granting defendant-appellees' motion for summary judgment in this negligence action.
Plaintiff-appellant, Esperanza Padilla, is a paying lessee in an apartment building owned and operated by the defendants-appellees, Tulso Enterprises, Inc. and John Howard. On December 1, 1972 the plaintiff, while descending the stairs in the building, stepped on a wet or grease spot causing her to slip and fall. As a result thereof, she sustained personal injuries. She filed a complaint for damages against the defendants. After discovery commenced, defendants-appellees moved for summary judgment. A hearing was held thereon at which counsel stipulated that for purposes of the hearing all depositions to be adduced at trial had been taken and were presented. Thereafter, the trial judge entered the herein appealed order granting defendants-appellees' motion for summary judgment.
Appellant urges, as one of his two points on appeal, that the trial judge erred in granting the motion for summary judgment in that genuine material issues of fact exist. We cannot agree.
In order for the plaintiff to recover, it is necessary that she prove that the defendant landlords had actual or constructive knowledge or notice of the existence of the dangerous condition for a time sufficient for the same to be remedied. See: Marlo Investments, Inc. v. Verne, Fla.App. 1969, 227 So.2d 58 and cases cited therein. An examination of the record on appeal reflects a total absence of evidence to the effect that the defendants in the case sub judice created or had knowledge of the dangerous condition and failed to remedy it, or that the condition existed a sufficient period of time that they should have had constructive notice of the existence of the defective condition. Thus, we conclude that the trial judge was correct as a matter of law in entering summary final judgment in favor of the defendants-appellees.
We also considered appellant's other point on appeal and found it to be lacking in merit.
Accordingly, the judgment herein appealed is affirmed.
Affirmed.