358 So.2d 1167 (1978)
Sidney KESSLER, Appellant,
v.
Nathan S. GUMENICK, Harry Grandis and Jerome Gumenick, a Partnership, D/B/a Southgate Towers Hotel and Apartments, and Home Insurance Company, Appellees.
No. 77-285.
District Court of Appeal of Florida, Third District.
May 23, 1978.
*1168 Herman Grayson, Miami Beach and Frank M. Brezina, Miami, for appellant.
Horton, Perse & Ginsberg, Hawkesworth, Schmick, Ponzoli & Wassenberg, Miami, for appellees.
Before PEARSON and HENDRY, JJ., and CRAWFORD, GRADY L. (Ret.), Associate Judge.
HENDRY, Judge.
Appellant/plaintiff appeals from an "order granting motion for summary judgment" in favor of appellees/defendants in a negligence action that can be categorized as a "slip and fall."
Appellant contends that there were genuine issues of material fact left unresolved by the trial judgment thus precluding the entrance of a summary judgment. We disagree with appellant's contention; however, before discussing the merits, we note that from a procedural standpoint, the order appealed is but an order granting a motion and is not appealable as such. Accordingly, as urged by counsel for appellees, this appeal should be, and is hereby dismissed. Shupack v. Allstate Insurance Company, 356 So.2d 1298 (Fla. 3d DCA 1978); see also Florida Roofing & Sheet Metal Contractors Self-Insurers Fund v. Citizens National Bank of Orlando, 223 So.2d 757 (Fla. 4th DCA 1969); Harris v. Mosteller, 253 So.2d 275 (Fla. 2d DCA 1971); and Washington Security Co. v. Tracy's Plumbing & Pumps, Inc., 166 So.2d 680 (Fla. 2d DCA 1964).
For the sake of argument, a properly entered final summary judgment would have nevertheless been affirmed. While appellant did present an issue of fact as to whether or not there existed water on the floor directly in front of the apartment house elevator (apparently tracked into the building via bathers returning from the apartment's swimming pool) thereby causing a hazardous condition, the record is completely devoid of any evidence, either direct or circumstantial, addressed to the issue of whether or not appellees had either actual or constructive knowledge of the danger prior to the time of appellant's slip and fall and thus, could have with reasonable diligence, remedied the situation. In that no proof was offered with respect to the knowledge of appellees, it is our opinion that, sub judice, appellant failed to present a prima facie case of negligence. Padilla v. Tulso Enterprises, Inc., 307 So.2d 884 (Fla. 3d DCA 1974); Haley v. Harvey Building Inc., 168 So.2d 330 (Fla. 2d DCA 1964). Accordingly, a summary final judgment would have been proper.
For the reason stated at the outset, this appeal is dismissed.
Appeal dismissed.