395 So.2d 244 (1981)
WINN-DIXIE STORES, INC., Appellant,
v.
Harry GUENTHER and Audrey Guenther, His Wife, Appellees.
No. 80-1323.
District Court of Appeal of Florida, Third District.
March 10, 1981.
*245 Vernis, Bowling, West, Montalto & Goodman and Bradley P. Goodman, Fort Lauderdale, for appellant.
Krupnick & Campbell and Richard A. Barnett, Fort Lauderdale, for appellees.
Before HENDRY and DANIEL S. PEARSON, and FERGUSON, JJ.
HENDRY, Judge.
Appellant Winn-Dixie, the defendant below, seeks review of an adverse judgment entered pursuant to a jury verdict awarding the Guenther's damages in this negligence action.
While shopping in appellant's store with his wife and daughter, Mr. Guenther slipped on a clear liquid substance, fell, and injured his knee. There was no evidence submitted as to how the liquid got on the floor nor how long it had been there. Testimony from Mr. Guenther's wife and daughter established, however, that the liquid, which made a puddle about three feet long, appeared dirty and had scuff marks and several grocery cart tracks running through it. It was also brought out at trial that the store manager occupied an elevated platform within the store and that by looking at the spot where the appellee fell, would have been able to see the liquid. In rebuttal, appellant introduced evidence that the floor was swept and mopped several times a day as necessary. At the close of all the evidence, appellant moved for a directed verdict on the issue of liability. The trial judge reserved ruling on the motion, allowing the case to go to the jury. After a jury verdict was rendered for the appellees, appellant moved for judgment notwithstanding the verdict. This motion too was denied, and this appeal followed.
Appellant's sole contention on review is that the motion for directed verdict should have been granted because there was insufficient evidence of negligence to submit the case to the jury. We disagree.
This court, in Gaidymowicz v. Winn-Dixie Stores, Inc., 371 So.2d 212, 213 (Fla. 3d DCA 1979), reiterated the law with respect to slip and fall cases:
the well established general rule is that the owner of the premises will not be held liable if the record fails to show either how the condition was created, the length of time the condition existed before the accident or that the store owner was responsible for the condition.
The evidence is insufficient to establish liability under this standard; however, we find that the instant case falls within the rule's recognized exception:
the owner of the store may be held liable for a customer's injuries if the dangerous condition on the floor existed for a sufficient length of time to charge the defendant owner with constructive knowledge. [e.s.]
371 So.2d at 213.
Proof that the condition existed long enough so that it should have been discovered may, like any other fact, be established by circumstantial evidence. Winn-Dixie Stores, Inc. v. Williams, 264 So.2d 862 (Fla. 3d DCA 1972).
Viewing the evidence, as we must, most favorably to the appellees, Little v. Publix Supermarkets, Inc., 234 So.2d 132 (Fla. 4th DCA 1970), we find that the testimony by appellees' witnesses created a prima facie case for presentation and consideration by the jury. Montgomery v. Florida Jitney Jungle Stores, Inc., 281 So.2d 302 (Fla. 1973).
*246 In Montgomery v. Florida Jitney Jungle Stores, Inc., supra, the Florida Supreme Court provides a comprehensive discussion and summary of "slip and fall" cases and holds that the condition of the floor and the substance on which the injured party fell may be relied upon to circumstantially prove that the perilous state existed long enough to charge a defendant with constructive notice. Winn-Dixie Stores, Inc. v. Williams, 264 So.2d 862 (Fla. 3d DCA 1972); Winn-Dixie Stores, Inc. v. Burse, 229 So.2d 266 (Fla. 4th DCA 1969), cert. denied, 237 So.2d 180 (Fla. 1970).
Here, testimony that the liquid was dirty and scuffed and had several tracks running through it was, in our opinion, adequate to impute constructive notice of the hazardous condition to the store manager. Furthermore, evidence that the manager could have seen the spilled substance from his vantage point within the store bolsters our conclusion.
Based on the foregoing reasons, the issue of appellant's liability was properly presented to the jury for resolution. We therefore affirm the judgment below.
Affirmed.