516 So.2d 1129 (1987)
Rosie Lee McCANICK and Luther McCanick, Appellants,
v.
W.J.A. REALTY LIMITED PARTNERSHIP d/b/a Miami Jai-Alai Metropolitan Dade County, Appellee.
No. 87-371.
District Court of Appeal of Florida, Third District.
December 22, 1987.
Gerald E. Rosser, Miami, for appellants.
High, Stack, Lazenby & Palahach and Donn S. Dutton, Coral Gables, for appellee.
Before SCHWARTZ, C.J., and BASKIN and DANIEL S. PEARSON, JJ.
SCHWARTZ, Chief Judge.
Rosie McCanick, a patron at the defendant-appellee's Jai-Alai Fronton, tripped over an abrasive strip which had become partially detached from the floor. We reverse the directed verdict granted the defendant at the end of the plaintiffs' case because evidence that the glue used to install the strip would not, if correctly employed, have come loose before the strip *1130 itself wore out, created a triable issue as to whether the defendants were actively negligent in making the installation improperly. Arnold v. Miami Beach Kennel Club, Inc., 88 So.2d 617 (Fla. 1956); Carls Markets, Inc. v. Meyer, 69 So.2d 789 (Fla. 1953); First Fed. Sav. & Loan Ass'n v. Wylie, 46 So.2d 396 (Fla. 1950); Fritts v. Collins, 144 So.2d 850 (Fla. 2d DCA 1962); 41 Fla. Jur.2d Premises Liability § 21 (1983).[1] The cause is therefore remanded for a new trial.
Reversed.
NOTES
[1] Because of our conclusion that a jury question exists as to active negligence, it is unnecessary, see Carls Markets, 69 So.2d at 789, to consider the plaintiff's alternative argument that the fronton was on constructive notice of the defect merely because over three hours elapsed between its last inspection of the area and the accident. We do observe, however, that although there is some indication to the contrary, see Winn Dixie Stores, Inc. v. Williams, 264 So.2d 862, 864 (Fla. 3d DCA 1972), the fact that there is no inspection for a given length of time in itself provides no proof that the defect was actually there for a sufficient period to place the landowner on reasonable notice of its existence. In this case, for example, there is no showing that the defect did not come into observable existence immediately before or at the time of the accident, so that the absence of any previous inspection would have made no difference.