528 So.2d 516 (1988)
ZAYRE CORPORATION, Appellant,
v.
Janet Sue BRYANT and Robert Myers Bryant, Jr., Her Husband, Appellees.
No. 87-2295.
District Court of Appeal of Florida, Third District.
July 19, 1988.
Daniels & Hicks and Angela C. Flowers, Richard Hardwick, Miami, for appellant.
High, Stack, Lazenby & Palahach and Donn S. Dutton, Coral Gables, for appellees.
Before HUBBART, DANIEL S. PEARSON, and JORGENSON, JJ.
PER CURIAM.
This is an appeal by the defendant Zayre Corporation from a final judgment entered upon an adverse jury verdict in a negligence action arising from a slip and fall accident in a department store. Contrary to the defendant's argument, we conclude that (1) the fact that the substance on which the plaintiff Janet Sue Bryant slipped and fell had "black darkened" grocery cart tire tracks running through it and was otherwise "relatively clear" but "slimy," and (2) the fact that the defendant had no provision for regular inspection of the aisles in the store and had not checked the aisle where the plaintiff slipped and fell for at least four hours prior to the accident  constituted adequate circumstantial evidence upon which a jury could have reasonably imputed constructive notice of the hazardous condition to the defendant.
Indeed, on facts closely analogous to those in the instant case, we have reached an identical conclusion. Winn Dixie Stores, Inc. v. Guenther, 395 So.2d 244, 246 (Fla. 3d DCA 1981) ("Here, testimony that the liquid was dirty and scuffed and had several tracks running through it was, in our opinion, adequate to impute constructive notice of the hazardous condition to the store manager.") Moreover, failure to properly inspect the aisle for hazardous conditions for at least four hours prior to the accident further supports the result we reach herein. Jenkins v. Brackin, 171 So.2d 589, 591 (Fla. 2d DCA 1965).
Affirmed.