PER CURIAM.
A patron injured in a slip and fall appeals from a summary judgment entered in favor of the defendant supermarket. We reverse.
Bertha Altman slipped and fell as she entered a Publix supermarket. According to her deposition testimony, Altman lost her footing and landed in a wet substance that smelled like cooking oil. She testified that the floor was very dirty and oily; that cigarette butts and candy wrappers littered the floor; and that grocery cart tracks and footprints traversed the dirty area where she fell.
We agree with the appellant that her testimony was sufficient evidence to present a fact question as to whether a dangerous condition was created by the store’s employees, Grayson v. Carnival Cruise Lines, Inc., 576 So.2d 417 (Fla. 3d DCA 1991), and whether the dangerous condition on the floor existed for a sufficient length of time to charge the defendant with constructive notice. Proof that a dangerous condition existed long enough so that it should have been discovered by the defendant may, like any other fact, be established by circumstantial evidence. Winn-Dixie Stores, Inc. v. Williams, 264 So.2d 862 (Fla. 3d DCA 1972); see also Skipper v. Barnes Supermarket, 573 So.2d 411 (Fla. 1st DCA 1991) (indicia of constructive notice includes evidence of cart tracks and footprints); Winn Dixie Stores, Inc. v. Guenther, 395 So.2d 244 (Fla. 3d DCA 1981) (testimony that liquid was dirty and scuffed, with tracks running through it, sufficient to impute constructive notice of a dangerous condition).
Accordingly, the summary judgment in favor of the supermarket is reversed and the case is remanded.