PER CURIAM.
The final summary judgment entered in favor of the defendant Jackson Memorial Hospital in this slip-and-fall negligence action is affirmed based on the following briefly stated legal analysis.
First, we conclude (a) there are no genuine issues of material fact on the issues of adequate inspection and constructive notice, and (b) the defendant is entitled to a judgment as a matter of law on these issues. Unlike a supermarket or retail sales store, the hospital hallway where the subject accident happened did not have nearby food, sales products, or other substances on shelves or anywhere else in the hallway which might drop to the floor and thus create a dangerous condition thereon. This being so, an intensive floor inspection program to discover foreign substances on the floor was, as a matter of law, unnecessary. Moreover, the defendant’s employee had cleaned the subject hallway at least twelve hours before the subject accident, and the defendant had a routine inspection system in place, although at unstated intervals, to discover foreign substances in the subject hallway. Beyond that, we are not persuaded by the claim that a shoe mark in some clear liquid discovered about a foot away from where the plaintiff slipped and fell raises a triable issue as to whether the liquid on which the plaintiff slipped and fell was there for sufficient length of time to give the defendant constructive notice of its presence. Unlike Winn Dixie Stores, Inc. v. Guenther, 395 So.2d 244 (Fla. 3d DCA 1981), and Zayre Corp. v. Bryant, 528 So.2d 516 (Fla. 3d DCA 1988), (a) there were no extensive track marks through the liquid in question, but only a single shoe mark, and (b) the accident occurred in a hospital hallway [as opposed to a supermarket or retail store] where, as a matter of law, an intensive floor inspection program was not required to discover spilled liquids. See Winn-Dixie Stores, Inc. v. Marcotte, 553 So.2d 213, 215 (Fla. 5th DCA 1989); Emmons v. Baptist Hosp., 478 So.2d 440, 442 (Fla. 2d DCA 1985), rev. denied, 488 So.2d 67 (Fla.1986).
*30 Second, we cannot agree that the defendant’s employees created the dangerous condition by waxing the floor upon which the plaintiff slipped and fell. The dangerous condition in this case was not the waxed hallway which, indeed, the plaintiff and others were able to traverse without incident. Nonskid wax was used to wax the hallway and there is no indication of any waxy buildup or slipperiness in the hallway outside the place where the clear liquid was located. The dangerous condition herein was therefore the clear liquid in the waxed hallway upon which the plaintiff slipped and fell. Accordingly, the defendant was entitled to a summary judgment on this issue. See Publix Super Markets, Inc. v. Schmidt, 509 So.2d 977 (Fla. 4th DCA 1977); Padilla v. Tulso Enter., 307 So.2d 884 (Fla. 3d DCA 1974); cf. Partelow v. Edgar, 219 So.2d 72 (Fla. 4th DCA 1969). But cf. First Fed. Sav. & Loan Ass’n of Miami v. Wylie, 46 So.2d 396 (Fla.1950) (where plaintiff, unlike here, presented extensive evidence regarding known unsafe application of wax, and there was no other substance of which defendant had notice involved in the fall).
Affirmed.
BARKDULL and HUBBART, JJ., concur.