621 So.2d 710 (1993)
Barbara WOODS and Anthony Woods, Appellants,
v.
WINN DIXIE STORES, INC., Appellee.
No. 92-1107.
District Court of Appeal of Florida, Third District.
May 11, 1993.
Rehearing Denied August 9, 1993.
*711 Magill & Lewis, and R. Fred Lewis, Miami, for appellants.
Richard N. Blank, Fort Lauderdale, for appellee.
Before BASKIN, GERSTEN and GODERICH, JJ.
PER CURIAM.
Appellants, Barbara Woods and Anthony Woods, appeal a final judgment notwithstanding the verdict. We reverse.
Appellant, Anthony Woods, slipped and fell on an unidentified substance while shopping in appellee's, Winn Dixie Stores, Inc., store. Appellants sued appellee alleging negligence.
At the jury trial, the appellants described the substance as "very dirty", "trampled", "containing skid marks, scuff marks." Appellee's employee verified that the "chewed up" substance contained a scuff mark. Appellants could not say who had caused the marks.
The trial court reserved ruling on appellee's motion for directed verdict on the issue of constructive notice. The jury found appellee 75% negligent and appellant 25% negligent. The trial court set aside the jury verdict and entered judgment for appellee on its motion for directed verdict.
In determining a motion for directed verdict, the evidence, and all reasonable inferences, therefrom, must be viewed in a light most favorable to the non-moving party. See, e.g., Dania Jai Alai Palace, Inc. v. Sykes, 425 So.2d 594 (Fla. 4th DCA 1982), quashed in part on other grounds, 450 So.2d 1114 (Fla. 1984). To sustain judgment pursuant to a directed verdict, the record must conclusively show an absence of fact, or any inference from fact that would support the jury's verdict. See, e.g., Sears Roebuck & Company v. McKenzie, 502 So.2d 940 (Fla. 3d DCA), review denied, 511 So.2d 299 (Fla. 1987).
Constructive notice of a dangerous condition is shown by evidence that the condition existed for such a length of time that a party, exercising ordinary care, should have known of it. See, e.g., Maryland Maintenance Service, Inc. v. Palmieri, 559 So.2d 74 (Fla. 3d DCA), review denied, 574 So.2d 142 (Fla. 1990). The length of time that the condition existed can be proved by circumstantial evidence. See, e.g., Altman v. Publix Supermarkets, Inc., 579 So.2d 351 (Fla. 3d DCA 1991); Winn Dixie Stores, Inc. v. Williams, 264 So.2d 862 (Fla. 3d DCA 1972).
Testimony of dirt, scuffing, or tracks in a substance generates sufficient inferences of constructive notice. See, e.g., Winn Dixie Stores, Inc. v. Guenther, 395 So.2d 244 (Fla. 3d DCA 1981) (testimony *712 that liquid was dirty and scuffed with tracks running through it, sufficient to impute constructive notice of a dangerous condition); see also, Skipper v. Barnes Supermarket, 573 So.2d 411 (Fla. 1st DCA 1991) (indicia of constructive notice includes evidence of cart tracks and footprints).
Both the appellants and appellee's employee testified to dirt, scuffs or skid marks in the substance causing appellant to fall. The jury found that appellee had constructive notice of this dangerous condition and neglected to correct it. The inferences made from the circumstantial evidence are reasonable and support the jury's verdict. Accordingly, we reverse.
Reversed and remanded for reinstatement of the jury verdict.