PER CURIAM.
A directed verdict should not have been entered at the end of the plaintiff’s case in this slip and fall action because the circumstantial evidence was sufficient to raise a factual question as to whether the appellee had constructive notice of a dangerous condition on the floor of its store. See Winn Dixie Stores, Inc. v. Benton, 576 So.2d 359 (Fla. 4th DCA 1991) (the condition of the floor, the nature of the substance on the floor, and surrounding circumstances, may be sufficient to support an inference by the jury that a condition existed long enough for store employees to know of the condition); Zayre Cory. v. Bryant, 528 So.2d 516 (Fla. 3d DCA 1988) (the existence of a substance with darkened grocery cart wheel tracks running through it, along with the store’s policy on inspections, raised factual question on constructive notice).
The evidence in this case showed that: (1) the plaintiff’s fall was caused by broken glass; (2) the brown glass was from a food product sold by the store; (3) the glass was not brought in from outside the store; (4) similar bottle-breaking incidents occur twice daily in the store; and (5) there was an absence of liquid on the floor, from which it might be inferred that there was a negligent clean-up following an earlier breakage.
“If the evidence is conflicting, or will admit of different reasonable inferences, or if there is evidence tending to prove the issue, it should be submitted to the jury as a question of fact, and not taken from them to be passed upon by the judge as a question of law.” Dandashi v. Fine, 397 So.2d 442, 446 (Fla. 3d DCA 1981) (citing Hendricks v. Dailey, 208 So.2d 101 (Fla.1968)).
Reversed and remanded for a new trial.