MICKLE, Judge.
This is an appeal by Nancy Gonzalez from an adverse final summary judgment entered in a negligence action arising out of a slip- and-fall accident which occurred on the premises of the Tallahassee Medical Center, Inc., doing business as Tallahassee Community Hospital (TCH). We reverse and remand for further proceedings upon a holding that on this record there exists a triable issue of fact as to whether TCH had constructive knowledge of the puddle of liquid on which Gonzalez fell.
While walking through the cafeteria line at TCH, Gonzalez slipped and fell on a liquid substance on the floor, injuring herself. Gonzalez testified in a deposition that the substance she fell on looked like water, but could have been syrup or Sprite. She did not see the puddle prior to her fall. Gonzalez’ grandson, Stephen Gelabert, who was standing beside Gonzalez in the cafeteria line, attested in an affidavit that he observed her almost immediately after she slipped on the liquid. When he came to her aid, he observed that the liquid expanded out when pressed upon. The fall occurred near a soda drink dispenser set out for customer use. Gelabert observed that the cafeteria cashier had a clear view of the area of the fall. Gelabert was in the cafeteria 10-15 minutes before the accident and did not hear or see anyone spill a liquid in the area of the fall.
The cafeteria cashier, who was on duty at the time of the accident, attested by affidavit that she was positioned so as to continually monitor the customers and the floor in the food line. From her vantage point, she had a clear view of the area of the floor where Gonzalez fell. She was also close enough to hear any noise that would result from a drop or spill. On the date of the accident, from 11:00 A.M. when the cafeteria first opened, until the time of the accident at approximately 12:00 noon, the cashier repeatedly scanned the floor for spills, observing no liquid on the floor.
Gonzalez sued for damages based upon TCH’s negligence in allowing the aforesaid condition to exist. In due course, TCH filed a motion for summary judgment, the thrust of which contended that there was no genuine issue of material fact existing because there was no proof that TCH actually or constructively knew of the presence on the floor of the substance causing Gonzalez’ fall. It is conceded there was no actual notice; the issue presented is whether TCH had constructive notice of the condition.
Summary judgments should be cautiously granted in negligence cases. Moore v. Morris, 475 So.2d 666 (Fla.1985). A trial court should not enter such judgment unless the facts are so crystallized that nothing remains but questions of law. Id. Stated otherwise, a defendant is required to show that there is not the slightest doubt as to any issue of material fact, Harris v. Lewis State Bank, 436 So.2d 338 (Fla. 1st DCA 1983), and to establish unequivocally that it was not negligent. Lee v. Old Southern Trucking, Inc., 552 So.2d 277 (Fla. 1st DCA 1989), rev. denied, 562 So .2d 346 (Fla.1990). The court must draw every possible inference in favor of the party against whom summary judgment is sought; summary judgment is not proper if the evidence is susceptible of different reasonable inferences. Skipper v. Barnes Supermarket, 573 So.2d 411 (Fla. 1st DCA 1991).
The established “slip-and-fall” rule in Florida is that if a dangerous condition exists on the floor in an area open to the public, the owner or occupant of the property will not be held liable for ensuing injuries if the record fails to show how the condition was created, the length of time the condition existed before the accident or whether the store or some other agency was responsible for the condition. Food Fair Stores of Flori *947 da, Inc. v. Patty, 109 So.2d 5 (Fla.1959). While this is the general rule, a defendant owner or occupant may still be held liable for injuries if the dangerous condition on the floor existed for a sufficient length of time to charge the defendant with constructive knowledge. Evens v. Eastern, Air Lines, Inc., 468 So.2d 1111 (Fla. 1st DCA 1985). Winn-Dixie Stores, Inc. v. Guenther, 395 So.2d 244 (Fla. 3d DCA 1981). Constructive knowledge may be inferred from the amount of time a substance has been on the floor, e.g., that the dangerous condition existed for such a length of time that in the exercise of reasonable care the condition would have been known to the defendant. Schaap v. Publix Supermarkets, Inc., 579 So.2d 831 (Fla. 1st DCA 1991). Proof a dangerous condition existed long enough so that it should have been discovered may be proved by circumstantial evidence. Guenther.
On the record presented to the trial court we conclude that Tallahassee Medical Center did not successfully carry its burden of conclusively demonstrating that there was no existing genuine issue of material fact. The pleadings, depositions, affidavits and other matters contained in the record could lead one to conclude that the substance which caused Gonzalez to fall had been there long enough to charge TCH with knowledge of the condition. There was no evidence submitted as to how the liquid got on the floor nor how long it had been there. The liquid was described as either water, syrup or Sprite. Enough of a quantity existed so as to expand when pressed upon as a result of Gonzalez’ fall. Gonzalez’ grandson had been in the cafeteria 10-15 minutes before the fall and had neither heard nor seen a spill. We agree with Gonzalez that reasonable inferences could be drawn therefrom that a spill had remained on TCH’s floor for a sufficient length of time to either have partially evaporated or become syrupy, or that the condition had existed for over 10-15 minutes, or even possibly for over an hour, prior to the opening of the cafeteria for the day. These inferences could establish the length of time the dangerous condition had been present on the floor, a critical element in proving that appellee, in the exercise of ordinary care, should have known of the condition. This is not to say that such was actually the case or that a jury would necessarily so find. However, in a case like this, where the facts of what caused the condition are difficult to ascertain, issues of negligence are not ordinarily proper subjects for summary adjudication and inferences like the one above, which fall within the orbit of legal possibility, will defeat summary judgment.
We reverse and remand for further proceedings consistent with this opinion.
SMITH and LAWRENCE, JJ., concur.