641 So.2d 911 (1994)
Shirley MILLER, Appellant,
v.
BIG C TRADING, INC., etc., Appellee.
No. 93-692.
District Court of Appeal of Florida, Third District.
July 12, 1994.
Rehearing Denied September 14, 1994.
Dennison & Dennison, Miami Lakes, Stephen T. Maher, Miami, for appellant.
Hardeman & Suarez, and Richard Suarez, Miami, for appellee.
Before SCHWARTZ, C.J., and NESBITT and GODERICH, JJ.
SCHWARTZ, Chief Judge.
We affirm a summary judgment entered for the defendant supermarket in a slip-on-a-grape-and-fall case. As in the uncannily similar case of Broz v. Winn-Dixie Stores, Inc., 546 So.2d 83, 83 (Fla. 3d DCA 1989),
[t]here was no evidence to indicate that the grape had been on the floor for any length of time such as thawing, cart tracks, footprints or other indicia of constructive notice.
Compare, e.g., Zayre Corp. v. Bryant, 528 So.2d 516 (Fla. 3d DCA 1988); Teate v. Winn-Dixie Stores, Inc., 524 So.2d 1060 (Fla. 3d DCA 1988), review denied, 534 So.2d 402 *912 (Fla. 1988). The plaintiff relies, however, on evidence that two store employees were nearby when she fell which, she argues, gives rise to an inference that they should have known and were therefore on constructive notice of the grape's presence before the accident. We do not agree with this argument simply because, since there is no indication as to how long the grape was there, there can be nothing but speculation to support the claim that the employees could, let alone should, have seen it in time to remove it. Thus, in considering the conceptually identical issue of the effect of a failure timely to inspect the premises, the law is that:
the fact there was no inspection for a given length of time in itself provides no proof that the defect was actually there for a sufficient period to place a landowner on reasonable notice of its existence. Smith v. Winn Dixie Stores, Inc., 528 So.2d 987 (Fla. 3d DCA 1988); McCanick v. W.J.A. Realty Limited Partnership, 516 So.2d 1129, 1130 n. 1 (Fla. 3d DCA 1987).
Wal-Mart Stores, Inc. v. King, 592 So.2d 705, 707 (Fla. 5th DCA 1991), review denied, 602 So.2d 942 (Fla. 1992). In reaching this conclusion, we disagree with the statement in Greenleaf v. Amerada Hess Corp., 626 So.2d 263, 264 (Fla. 4th DCA 1993), referring to Winn-Dixie Stores, Inc. v. Guenther, 395 So.2d 244 (Fla. 3d DCA 1981), that:
the fact that an employee may be able to see the location of a puddle from his or her workplace has been held to be some circumstantial evidence of constructive knowledge of the condition's existence.
The Guenther case does not stand for that proposition. To the contrary, we held there that such evidence only "bolsters our conclusion" that:
testimony that the liquid was dirty and scuffed and had several tracks running through it was ... adequate to impute constructive notice of the hazardous condition to the store manager.
Guenther, 395 So.2d at 246.
Affirmed.