649 So.2d 277 (1995)
Deborah S. THOMA and Michael Thoma, Husband and Wife, Appellants,
v.
CRACKER BARREL OLD COUNTRY STORE, INC., a Tennessee Corporation, Appellee.
No. 93-3338.
District Court of Appeal of Florida, First District.
January 17, 1995.
Rehearing Denied February 23, 1995.
*278 Michael D. Hook, Pensacola, for appellants.
Jaime D. Liang, Tallahassee, for appellee.
KAHN, Judge.
Appellant, Deborah Thoma, claims to have suffered a back injury when she fell in the Tallahassee Cracker Barrel Restaurant on the morning of September 26, 1990. She alleges Cracker Barrel negligently maintained the floor in a particular area of the restaurant either by creating a dangerous condition or by failing to discover a condition that had existed for a sufficient time so that Cracker Barrel knew or should have known about it. We reverse a final summary judgment entered in favor of Cracker Barrel. Contrary to the assertions made by Cracker Barrel both in its brief and at oral argument, we are required to view the evidence in a light most favorable to Thoma, and, moreover, to draw all competing inferences in favor of Thoma, as the nonmoving party below. Brooks v. Phillip Watts Enterprises, Inc., 560 So.2d 339 (Fla. 1st DCA 1990).
After eating breakfast at the Cracker Barrel, Thoma took three or four steps away from her table when her left foot slid out from under her, causing her to fall. The fall occurred in a common aisle, near the passage from the kitchen to the restaurant. When Thoma got up, she noticed an area 1 foot by 2 feet containing drops of clear liquid. She claims to have slipped on this liquid. Thoma was in the restaurant about thirty minutes before her accident. During that time, she saw no one drop anything on the floor in the area where she fell.
Mr. Leonard McNeal was the only known witness to the fall. He arrived for breakfast about 15 minutes before the accident. His seat was some 12 to 15 feet away from where Thoma fell. McNeal described the area as "a normal area where waitresses would frequently go in and out (the kitchen) door." McNeal felt sure he saw waitresses carrying beverage pitchers in that area. He did not see any Cracker Barrel customers carrying drinks in the area, nor did he see anyone drop or spill anything.
Cracker Barrel's manager, Mr. Charlie Gray, inspected the area of the fall and saw no foreign substance whatever on the floor. According to Mr. Gray, the Cracker Barrel is not a buffet restaurant and he would not expect customers to get up and walk around with food or drinks.
To recover for injuries incurred in a slip and fall accident, the plaintiff must show that the premises owner either created a dangerous condition or had actual or constructive knowledge of a dangerous condition. Notice of a dangerous condition may be established by circumstantial evidence, such as evidence leading to an inference that a substance has been on the floor for a sufficient length of time such that in the exercise of reasonable care the condition should have become known to the premises owner. Schaap v. Publix Supermarkets, Inc., 579 So.2d 831 (Fla. 1st DCA 1991).
We have recently reversed a defense summary judgment in a similar case, Gonzalez v. Tallahassee Medical Center, Inc., 629 So.2d 945 (Fla. 1st DCA 1993). In that case, Gonzalez slipped and fell on a liquid substance that looked like water, but could have been "syrup or Sprite." Her grandson testified that when he came to Gonzalez' aid, he noticed that the liquid "expanded out when pressed upon." He also observed that the fall occurred near a soda drink dispenser set out for customer use and in an area where the cashier had a clear view. The grandson was in the cafeteria ten to fifteen minutes before the accident and did not hear or see anyone spill a liquid in the area of the fall. 629 So.2d at 946. While we declined to speculate on what a jury might do with those facts, we held that inferences arose which "could establish the length of time the dangerous condition had been present on the floor, a critical element in proving that appellee, through the exercise of ordinary care, should have known of the condition." 629 So.2d at 947.
In the present case, Thoma and McNeal took their breakfast at a location near where Thoma eventually fell. Despite their proximity, neither Thoma nor McNeal saw anyone drop or spill anything. The area of the fall was in clear view of Cracker *279 Barrel employees, since they traversed it regularly on their way in and out of the kitchen. If a jury were to believe Thoma's description of the liquid as covering an area 1 foot by 2 feet, it might also be convinced that Cracker Barrel employees, in the exercise of due diligence, should have noticed the liquid before the accident. No one except Cracker Barrel employees were seen to carry food or beverage in the area of the fall, and the manager of the restaurant would not have expected customers to move around carrying food or drinks.
Cracker Barrel notes that "common sense" suggests "a plethora" of reasonable inferences other than the inferences urged by appellants. We certainly agree with this observation, but take issue with the suggestion that the existence of other possible inferences requires affirmance of the summary judgment in favor of Cracker Barrel. It will be for a jury to determine whether a preponderance of the evidence supports the inferences suggested by Thoma.
REVERSED and REMANDED.
BARFIELD and VAN NORTWICK, JJ., concur.