JOANOS, Judge.
Sally Newman was killed in a motor vehicle collision while driving a 1988 Toyota pickup truck. Franklin Newman, appellant, was a passenger in the vehicle driven by his wife. As personal representative of his wife’s es *272 tate, he appeals from a summary judgment entered in favor of William Herrin, appellee, in the negligence action appellant filed in connection with the motor vehicle accident. We reverse.
The fatal collision occurred in the early morning hours of January 1,1992. Appellee was driving a jeep equipped with oversized tires and bumper, a V-8 engine, extra lights mounted on the bumpers, and KC Daylight-ers mounted across the top of the vehicle.[1] At the time of the accident, appellee was traveling along a straightaway, and the vehicle driven by Mrs. Newman had just come out of a curve. Appellant’s testimony reflects that as the Newman vehicle rounded the curve, the lights coming at them were so bright that they filled the whole interior of the cab with light. Appellant looked away from the light, then the vehicles collided. The Highway Patrol investigation indicates that both vehicles were traveling forty to fifty miles per hour, when the Newman vehicle crossed the centerline of the highway into the lane traveled by appellee.
A party moving for summary judgment must show conclusively the absence of any genuine issue of material fact. In deciding such motion, the trial court is obligated to draw every possible inference in favor of the nonmoving party. Moore v. Morris, 475 So.2d 666, 668 (Fla.1985). “[I]f a record reflects the existence of any genuine issue of material fact or the possibility of any issue, or if the record raises even the slightest doubt that an issue might exist, that doubt must be resolved against the moving party, and summary judgment must be denied.” Hervey v. Alfonso, 650 So.2d 644, 646 (Fla. 2d DCA 1995). See also Thoma v. Cracker Barrel Old Country Store Inc., 649 So.2d 277, 278 (Fla. 1st DCA 1995); Tretten v. Irrgang, 654 So.2d 1297 (Fla. 4th DCA 1995).
We conclude the evidence that the lights on appellee’s modified jeep were so bright that they filled the whole interior of the Newman vehicle with light, together with evidence concerning the unlawful height of appellee’s headlights, is sufficient to create a genuine issue of material fact. Where the case is extremely close on the question of negligence, doubt should be resolved in favor of a jury trial. Bess v. 17545 Collins Avenue, Inc., 98 So.2d 490, 492 (Fla.1957).
Accordingly, we reverse the grant of summary judgment in favor of appellee, and remand for further proceedings.
WEBSTER, J., and REYNOLDS, Associate Judge, concur.

. Appellee acknowledged in his deposition that he had been cited for the unlawful height of his headlights. Other evidence of the jeep's unlaw-M headlight height appears in the deposition testimony of the Highway Patrol trooper who conducted the accident investigation.