692 So.2d 297 (1997)
Blanca GONZALEZ, Appellant,
v.
B & B CASH GROCERY STORES, INC., a/k/a U-Save, Appellee.
No. 96-1419.
District Court of Appeal of Florida, Fourth District.
April 30, 1997.
*298 Mark F. Kasperovich of Kasperovich & Kasperovich, P.A., Fort Lauderdale, for appellant.
Michele I. Nelson of Paxton, Crow, Bragg, Smith & Keyser, P.A., West Palm Beach, for appellee.
PARIENTE, Judge.
Plaintiff, Blanca Gonzalez, appeals a summary judgment entered in favor of defendant, B & B Cash Grocery Stores, Inc. We reverse, finding that defendant did not successfully carry its burden of conclusively demonstrating the absence of genuine issues of material fact regarding both the identity of the substance and defendant's constructive notice of the dangerous condition.
Plaintiff slipped and fell on a slippery substance that she claims was wax. The night before the incident, while the store was closed, an independent contractor hired by defendant stripped, waxed and buffed the floor. Prior to the store's opening that morning, defendant's agents inspected the floors. The trial court granted summary judgment after concluding that plaintiff would be unable to establish how long the wax had been on the floor. In its written order, the trial court stated that it was just "as possible that the wax was on the floor for two minutes, 20 minutes or two hours."
At trial, plaintiff will have to prove defendant's constructive notice of the dangerous condition.[1]See Wal-Mart Stores, Inc. v. King, 592 So.2d 705 (Fla. 5th DCA 1991), review denied, 602 So.2d 942 (Fla. 1992); Brooks v. Phillip Watts Enters., Inc., 560 So.2d 339 (Fla. 1st DCA), review denied, 567 So.2d 435 (Fla.1990). The lack of direct evidence as to the length of time the wax was on the floor, however, is not fatal to plaintiff's claim, nor does it mandate summary judgment. Constructive notice may be established by circumstantial evidence, such as "evidence leading to an inference that a substance has been on the floor for a sufficient length of time" such that a defendant in the exercise of reasonable care should have known of the condition. Thoma v. Cracker Barrel Old Country Store, Inc., 649 So.2d 277, 278 (Fla. 1st DCA 1995); see Brooks, 560 So.2d at 341.
In discussing inferences in circumstantial evidence cases, our supreme court in Voelker v. Combined Insurance Co. of America, 73 So.2d 403, 406 (Fla.1954), enunciated these basic principles:
[I]f the circumstances established by the evidence be susceptible of a reasonable inference or inferences which would authorize recovery and are also capable of an equally reasonable inference, or inferences, contra, a jury question is presented. We cannot overemphasize our use of the adjective *299 `reasonable' as modifying the noun `inference'. Of course if none of the inferences on the one hand accords with logic and reason or human experience, while on the other hand an inference which does square with logic and reason or human experience is deducible from the evidence, the question is not for the jury but is one of law for the court.
In tandem with these principles governing inferences, we are guided by the axiom that motions for summary judgment should be cautiously granted in negligence actions. Moore v. Morris, 475 So.2d 666, 668 (Fla.1985); Greenleaf v. Amerada Hess Corp., 626 So.2d 263 (Fla. 4th DCA 1993); Brooks. The moving party bears the burden to "show conclusively the absence of any genuine issue of material fact." Moore, 475 So.2d at 668; Greenleaf, Brooks. Certainly at the summary judgment stage of the proceedings "the court must draw every possible inference in favor of the party against whom a summary judgment is sought." Moore, 475 So.2d at 668 (emphasis supplied); Brooks.[2] Summary judgment is not proper if the evidence is susceptible to different reasonable inferences. Voelker, Gonzalez v. Tallahassee Med. Ctr., Inc., 629 So.2d 945, 946 (Fla. 1st DCA 1993).
In this case, the record reveals that the substance that caused plaintiff to fall may have been wax, and plaintiff's description establishes wax as a likely possibility. If a jury determines, based on the evidence presented, that the substance was wax, it will not have to engage in sheer speculation to determine the length of time that the condition existed. Because it is undisputed that the floors were waxed the night before the incident, the jury could reasonably conclude that the condition existed for at least several hours and thus that defendant was negligent in not discovering the slippery condition through inspection before the store opened in the morning. See Gonzalez.
The fact that there is undisputed evidence that the floor had been waxed the night before the incident distinguishes this case from other cases involving a foreign substance where the plaintiff was unable to establish by any direct evidence or reasonable inference from the evidence either the identity of the substance or how long the dangerous condition had existed. See, e.g., Food Fair Stores, Inc. v. Trusell, 131 So.2d 730 (Fla.1961); Miller v. Big C Trading, Inc., 641 So.2d 911 (Fla. 3d DCA), review denied, 650 So.2d 990 (Fla.1994); Schaap v. Publix Supermarkets, Inc., 579 So.2d 831 (Fla. 1st DCA 1991).
Defendant contends that even if the substance were wax, there is no proof that the slippery condition causing plaintiff's fall resulted from the waxing of the floors the night before. Defendant suggests, as another possibility, that the slippery condition could be the result of leakage from one of its store's wax products. This possibility, however, involves sheer speculation without any basis in the record. Even if this were a reasonable inference, the existence of reasonable inferences contrary to those asserted by plaintiff should not result in the entry of summary judgment. Thoma, 649 So.2d at 279; Gonzalez, 629 So.2d at 946; see also Voelker, 73 So.2d at 406. Rather, it would be for a jury to determine whether a preponderance of the evidence supports the inferences suggested by plaintiff. Thoma, 649 So.2d at 279.
None of the inferences raised by plaintiff are at odds with logic and reason. The actual identity of the substance, and whether defendant had constructive notice of its existence, should not have been resolved adversely to plaintiff as a matter of law based on the current record.
REVERSED AND REMANDED
KLEIN and SHAHOOD, JJ., concur.
NOTES
[1] Constructive notice must be established because plaintiff does not contend that defendant's employees created the dangerous condition or that defendant had actual notice of a dangerous condition. Neither has plaintiff argued an independent basis for holding defendant liable for the negligence of its independent contractor. See generally McCall v. Alabama Bruno's, Inc., 647 So.2d 175 (Fla. 1st DCA 1994).
[2] Winn Dixie Stores, Inc. v. White, 675 So.2d 702 (Fla. 4th DCA 1996), and Publix Super Markets, Inc. v. Schmidt, 509 So.2d 977 (Fla. 4th DCA 1987), relied on by defendant, were cases decided either by directed verdict or after a jury verdict and not at the summary judgment stage of the proceedings. See generally Montgomery v. Florida Jitney Jungle Stores, 281 So.2d 302 (Fla. 1973).