710 So.2d 65 (1998)
Kern CARPENTER, Kern Carpenter Farms, Inc., a Florida corporation, Richard Wright and Richard Wright Farms, Inc., a Florida corporation, Appellants/Cross-Appellees,
v.
COMMUNITY BANK OF HOMESTEAD, a Florida banking corporation, and Robert L. Epling, Appellees/Cross-Appellants.
No. 96-785.
District Court of Appeal of Florida, Third District.
April 1, 1998.
Rehearing Denied June 10, 1998.
*66 Robert C. Gilbert, Coral Gables; Cooper & Wolfe and Sharon L. Wolfe, Miami, for appellants/cross-appellees.
Weiss Serota & Helfman, Joseph H. Serota and Edward G. Guedes, Miami, for appellees/cross-appellants.
Before LEVY, GERSTEN and GODERICH, JJ.
GODERICH, Judge.
The plaintiffs below, Kern Carpenter, Kern Carpenter Farms, Inc., Richard Wright, and Richard Wright Farms, Inc., appeal from a final judgment entered in favor of the defendants below, Community Bank of Homestead [Bank] and Robert L. Epling. The defendants also cross-appeal. We affirm the final judgment.
Carpenter and Wright were tomato farmers who had a long-term banking relationship with the Bank and its president, Robert L. Epling. The plaintiffs placed their tomatoes for packaging with Growers Packing Company, Inc. [Growers Packing], which is owned by Joe Torcise [Torcise], who is also a tomato farmer. Growers Packing and Torcise were also customers of the Bank.
In 1989, Carpenter and Wright learned that Torcise and Growers Packing were having financial problems. In fact, Torcise was behind in paying the plaintiffs for the tomatoes that they had placed with Growers Packing. Carpenter and Wright spoke to Epling regarding Torcise's failure to pay them for their tomatoes. In response, Epling advised them that they needed to speak directly to Torcise and further advised them that they should file a lien pursuant to the Perishable Agricultural Commodities Act [PACA] in order to protect their rights. Carpenter and Wright spoke to Torcise and threatened to file a PACA lien if they were not paid for their tomatoes. Months later, after still not receiving payment, the plaintiffs filed an untimely PACA lien.
Thereafter, the plaintiffs filed a complaint against the Bank and Epling alleging, in part, counts for breach of fiduciary duty and breach of constructive trust. The jury returned a verdict in favor of the plaintiffs. The defendants then moved for a judgment notwithstanding the verdict arguing, in part, that the facts did not establish that a fiduciary relationship existed between the plaintiffs and the defendants. The trial court granted the motion and entered final judgment in favor of the defendants. This appeal and cross-appeal follow.
For the reasons discussed below, we find that, when viewing the facts in the light most favorable to the plaintiffs, Woods v. Winn Dixie Stores, Inc., 621 So.2d 710 (Fla. 3d DCA 1993); Maguire v. American Family Life Assurance Co. of Columbus, Ga., 442 So.2d 321 (Fla. 3d DCA 1983), review denied, 451 So.2d 849 (Fla.1984), a fiduciary relationship did not exist, and that the trial court properly granted the defendants' motion for judgment notwithstanding the verdict. "Generally, the relationship between a bank and its borrower is that of creditor to debtor, in which parties engage in arms-length transactions, and the bank owes no fiduciary responsibilities. However, fiduciary relationships between lenders and customers have been found to exist in Florida, as well as in other jurisdictions." Capital Bank v. MVB, Inc., 644 So.2d 515, 518-19 (Fla. 3d DCA 1994) (citations omitted), review denied, 654 So.2d 918 (Fla.), and review denied, 659 So.2d 1086 (Fla.1995). The plaintiffs argue that a fiduciary relationship arose as a result of their relationship with the Bank and Epling. Further, the plaintiffs argue that the Bank and Epling breached their fiduciary duty by not disclosing to them that Torcise and Growers Packing were experiencing severe financial problems. In support of their arguments, the plaintiffs have relied primarily on two cases, Barnett Bank of West Florida v. Hooper, 498 So.2d 923 (Fla.1986), and Capital Bank v. MVB, Inc., 644 So.2d 515, 518-19 (Fla. 3d DCA 1994), review denied, 654 So.2d 918 (Fla.), and review denied, 659 So.2d 1086 (Fla.1995).
*67 In Capital Bank, Anthony Battaglia, his company, and a subsidiary of his company, MVB, were customers of Capital Bank. Tellason Products, Inc. was also a customer of the bank. A loan officer at the bank induced Battaglia, on behalf of MVB, to purchase Tellason's assets knowing that Tellason was on the verge of bankruptcy and that the equipment was defective and malfunctioning. After MVB purchased the equipment, the equipment continuously malfunctioned, resulting in MVB not being able to timely produce its products. MVB sued Capital Bank for breach of fiduciary duty arguing that the loan officer induced Battaglia to purchase Tellason's assets so that the bank would not bear the loss of Tellason's nonperforming loans. This Court found that based upon these facts, a fiduciary relationship existed between the bank and Battaglia.
Similarly, in Barnett Bank, Dr. Hooper and Mr. Hosner were customers at Barnett Bank. After learning that Mr. Hosner was possibly involved in a check kiting scheme, a loan officer at the bank encouraged Dr. Hooper to invest money with Mr. Hosner. As a result, Dr. Hooper borrowed $90,000.00 from the bank and the proceeds of the loan were deposited into Mr. Hosner's account. A few days later, Mr. Hosner's check kiting scheme was confirmed, and as a result of Dr. Hooper's deposit, the bank was able to zero out Mr. Hosner's account. Without Dr. Hooper's deposit, the bank would have lost $87,000.00. Dr. Hooper sought cancellation of the $90,000.00 promissory note arguing that he had established a fiduciary relationship with the bank, and that as a result, the bank had a duty to disclose knowledge of Mr. Hosner's fraudulent activity. The bank, on the other hand, argued that it owed a duty to its depositors to not disclose information to third parties regarding the depositors' accounts.
The Florida Supreme Court noted that "the usual relationship between a bank and its depositor is one of debtor to creditor, not ordinarily imposing a duty of disclosure upon the bank, ..." Barnett Bank, 498 So.2d at 925 (citations and footnote omitted). However, the Florida Supreme Court held that
where a bank becomes involved in a transaction with a customer with whom it has established a relationship of trust and confidence, and it is a transaction from which the bank is likely to benefit at the customer's expense, the bank may be found to have assumed a duty to disclose facts material to the transaction, peculiarly within its knowledge, and not otherwise available to the customer.
Barnett Bank, 498 So.2d at 925.
Both Capital Bank and Barnett Bank are distinguishable from the case at hand. Unlike Capital Bank and Barnett Bank, the plaintiffs' relationship with either Torcise or Growers Packers was not created, induced, or encouraged by Epling or any other Bank employee. Moreover, unlike Capital Bank and Barnett Bank, the Bank did not involve itself in the transactions between the plaintiffs and Torcise or Growers Packing, and did not benefit from those transactions at the expense of the plaintiffs. It is our opinion that the plaintiffs' reliance on Capital Bank and Barnett Bank is misplaced.
Finally, we do not address the remaining points raised by the plaintiffs because they either lack merit or are moot as a result of our disposition of the above issue. Further, based on the disposition of this case, we do not need to address the issue raised by the defendants in their cross-appeal.
The final judgment is affirmed.