PER CURIAM.
Affirmed. See Lipsig v. Ramlawi, 760 So.2d 170, 175 (Fla. 3d DCA 2000)(“A motion for directed verdict should not be granted unless the trial court, after viewing the evidence in the light most favorable to the non-moving party, determines that no reasonable jury could render a verdict for the non-moving party.”); Woods v. Winn Dixie Stores, Inc., 621 So.2d 710, 711 (Fla. 3d DCA 1993); Jacobs v. Westgate, 766 So.2d 1175, 1179 (Fla. 3d DCA 2000) (It is the function of the jury to weigh and evaluate the evidence.). In this case, there was conflicting evidence regarding skid marks which the jury could have resolved in favor of the defendant. Additionally, plaintiff testified that visibility was adequate and he could see where he was going. Thus, the jury could have concluded that he hit the truck because he was not paying attention.