CAMPBELL, Chief Judge.
Appellants, Robert H. and Francella Wilson, plaintiffs below, appeal the trial court’s order which entered a judgment for appellee, Winn Dixie Stores, Inc., notwithstanding the jury verdict for appellants. We affirm.
The only issue raised by appellants which merits discussion is whether there was competent credible evidence to support the jury’s verdict and, therefore, defeat appel-lee’s motion for judgment notwithstanding the verdict. Appellants did not produce competent substantial evidence that appel-lee had actual knowledge of the dangerous condition prior to the injury or evidence of the length of time that the dangerous condition existed prior to the injury. We agree with the trial judge that there was no competent substantial evidence to support the jury’s verdict. The facts, or lack of facts, in this case clearly distinguishes it from cases such as Montgomery v. Florida Jitney Jungle Stores, Inc., 281 So.2d 302 (Fla.1973) and Teate v. Winn-Dixie Stores, Inc., 524 So.2d 1060 (Fla. 3d DCA), pet. for rev. denied, 534 So.2d 402 (Fla.1988). This case is more closely analogous to Winn-Dixie Stores, Inc. v. Marcotte, 553 So.2d 213 (Fla. 5th DCA 1989), and Broz v. *264 Winn-Dixie Stores, Inc., 546 So.2d 83 (Fla. 3d DCA 1989).
The essential facts in this case show that Robert Wilson and his wife Francella were shopping in appellee’s supermarket when appellant, Robert Wilson, slipped and fell when he turned around in a shopping aisle and went back to get a container of liquid detergent from the shelf. Both Mr. and Mrs. Wilson had previously passed the site of the fall in aisle four prior to the fall. Neither saw anything on the floor prior to Mr. Wilson’s slip that caused him to fall. After he fell, they observed some clear liquid detergent on the floor and a bottle of liquid detergent lying on its side on the top shelf of the display shelves. The tipped-over bottle of detergent was not where it was normally displayed in the shelf display. There was no evidence as to how many other shoppers were in the store or shopping in that particular aisle.
The store manager, Lawrence Cooney, was two aisles away on aisle six “ordering the store” when he was called back to where Mr. Wilson had fallen on aisle four. Mr. Cooney, at the time of trial, was no longer an employee of appellee. His un-controverted testimony was that he had examined all of the stock on the shelves of aisle four fifteen minutes or less before the time Mr. Wilson fell. Mr. Cooney testified that in “ordering the store” he used a hand-held computer that read the numbers off of the product tags on all the shelves of the store so that he could reorder the items that needed to be replenished on each shelf in order to fill the empty spaces. He testified that it took him an average of four to eight minutes to check the stock on each aisle and that he had examined the stock on aisle four within fifteen minutes of Mr. Wilson’s fall. Mr. Cooney testified specifically that when he was examining aisle four there was no liquid detergent on the floor and no bottle turned over on its side and out of its normal place on the shelves.
Appellants’ case fails in its required burden of proof for lack of any evidence that appellee had actual knowledge of a dangerous condition prior to Mr. Wilson’s injury. There is likewise no evidence as to the length of time a dangerous condition existed prior to Mr. Wilson’s fall. Appellants attempt to supply that evidence by the fact that there was liquid detergent spilled on each of the shelves in aisle four where Mr. Wilson fell and they argue that it would have taken a substantial amount of time for the detergent to leak from the top shelf to each descending shelf and then to the floor. However, that argument presupposes that the detergent was on the shelves and floor by way of a slow leak. That is only one of several assumptions that could explain the presence of the detergent on the shelves. Furthermore, although the liquid detergent was found spilled on each shelf, there is no evidence as to how long the detergent may have been present on the floor. It would not have been until the detergent was spilled on the floor that it would have become a condition that might be considered dangerous. Under those circumstances, a jury may not speculate that appellee should have known of a dangerous condition. Appellee was, therefore, properly awarded a judgment notwithstanding the jury’s verdict.
Affirmed.
RYDER and PARKER, JJ., concur.