PER CURIAM.
Affirmed. See Encarnacion v. Lifemark Hospitals of Florida, 211 So.3d 275, 278 (Fla. 3d DCA 2017) (affirming summary judgment in favor of defendant and holding that plaintiff's testimony that the substance on the floor was "oily," "dirty," and "dark" was "insufficient to create a jury issue. For such testimony to create a jury issue, the testimony must be accompanied by ... some additional fact or facts from which the jury can reasonably conclude that the substance was on the floor long enough to have become discolored without assuming other facts, such as the substance, in its original condition, was not 'oily,' 'dirty' and 'dark' "); Wilson-Greene v. City of Miami, 208 So.3d 1271, 1273 (Fla. 3d DCA 2017) (reversing summary judgment in favor of the plaintiff, despite evidence that the soup upon which plaintiff slipped and fell was "not hot," because such evidence was insufficient to establish defendant's constructive notice without requiring the fact-finder to impermissibly stack inferences in order to conclude that the soup had been on the floor long enough to cool); Wilson v. Winn-Dixie Stores, Inc., 559 So.2d 263 (Fla. 2d DCA 1990) (holding jury may not speculate as to whether grocery store should have known about a dangerous condition where there was no evidence *546 of how long the substance had been on the floor prior to the plaintiff's fall); Publix Super Markets, Inc. v. Schmidt, 509 So.2d 977 (Fla. 4th DCA 1987) (judgment in favor of plaintiff reversed when jury would have had to stack inferences to conclude that a dinner tray had been overfilled, causing gravy to spill on the floor, later causing plaintiff to slip).