[PUBLISH]

In the

# United States Court of Appeals

## For the Eleventh Circuit

_____

No. 22-10162

_____

VANESSA SUTTON,

Plaintiff-Appellant,

*versus*

WAL-MART STORES EAST, LP,

Defendant-Appellee.

_____

Appeal from the United States District Court
for the Southern District of Florida
D.C. Docket No. 9:21-cv-80646-DMM

_____

Before WILLIAM PRYOR, Chief Judge, MARCUS, Circuit Judge, and MIZELLE,[*] District Judge.

MARCUS, Circuit Judge:

Vanessa Sutton slipped in a Wal-Mart, fell to the ground, and injured her back and shoulder.  While lying on the floor, she saw the culprit: a squished grape, accompanied by juice, a track mark, and footprints.  No witnesses saw the grape before her fall, and a video in the record does not offer a clear picture of when the grape might have landed there.  Sutton sued Wal-Mart Stores East, LP, for her injuries.  The district court granted summary judgment in Wal-Mart's favor, determining that there was no genuine dispute of material fact that Wal-Mart had actual or constructive knowledge of the grape before the accident, as required by Florida law.  After review and with the benefit of oral argument, we hold that there is a genuine dispute of material fact about Wal-Mart's constructive knowledge.  We therefore reverse and remand for proceedings consistent with this opinion.

## I.

On August 23, 2018, Vanessa Sutton was shopping at a Wal-Mart in West Palm Beach, when she slipped on a grape and fell onto her back and left side.  A nearby employee, Judith Roberts, helped her get up, but Sutton told Roberts that she felt dizzy.

---

[*] Honorable Kathryn Kimball Mizelle, United States District Judge for the Middle District of Florida, sitting by designation.

Sutton then filled out a Customer Incident Report, and later went to Palm Beach Gardens Hospital, where she received treatment.

Roberts had walked through and inspected the produce section by the grapes twice before the fall: once around an hour before, and again around thirty minutes before. She did not see a grape either time. Another employee, Dunois Orilus, walked through the produce section around ten minutes before the accident, and he didn't see anything either. A two-hour video pulled from Wal-Mart's surveillance cameras confirms that these employees walked by at those times, but, otherwise, it does not conclusively establish much. The ground where the grape was located isn't visible, and nobody who walked by during the recording obviously knocked over or dropped a grape.

For her part, Sutton testified that she slipped on one squished grape, which she first saw "[w]hen [she] was on the floor." From the floor, Sutton "could see that grape . . . and juice," and she saw that "the grape was dirty." She also noticed one track mark "[a] few inches" away that "was close enough to it to go through it" and "footprints but [she] didn't know whose footprints they were." At one point, she said that the footprints "must have been [hers], 'cause [she's] the one that slipped and fell" and she "[didn't] know who else had went through" the grape.

Sutton sued Wal-Mart Stores East, LP, for negligence in state court. Wal-Mart removed the case to the United States District Court for the Southern District of Florida based on diversity jurisdiction. After discovery, Wal-Mart moved for summary

judgment, arguing that Sutton failed to offer sufficient evidence that Wal-Mart had actual or constructive knowledge of the grape, as required by Florida statute.  The district court granted the motion.  It concluded that Sutton failed to raise a genuine dispute of material fact that Wal-Mart had constructive knowledge of the grape, and thus she could not succeed on a negligence claim under Florida law.

This timely appeal followed.

## II.

"We review a district court's decision on summary judgment *de novo* and apply the same legal standard used by the district court, drawing all inferences in the light most favorable to the non-moving party and recognizing that summary judgment is appropriate only where there are no genuine issues of material fact." *Smith v. Owens*, 848 F.3d 975, 978 (11th Cir. 2017).  The only question for us to decide is whether the record evidence, when viewed in a light most favorable to Sutton, contains a genuine dispute of material fact over Wal-Mart's constructive knowledge of the grape that caused her fall.

This negligence case arose in Florida and arrived in federal court by way of diversity jurisdiction, *see* 28 U.S.C. § 1332(a), so we are required to apply Florida's substantive law, *see Erie R.R. Co. v. Tompkins*, 304 U.S. 64, 78 (1938).  "Where the Supreme Court of Florida has not addressed a particular issue, federal courts are then bound by the decisions of the Florida district courts of

appeal that address the disputed issue, unless there is an indication that the supreme court would not adhere to the district court's decision." *Geary Distrib. Co. v. All Brand Imps., Inc.*, 931 F.2d 1431, 1434 (11th Cir. 1991) (per curiam).

Under Florida law, a plaintiff must establish four elements to sustain a negligence claim: (1) "the defendant owed a 'duty, or obligation, recognized by the law, requiring the [defendant] to conform to a certain standard of conduct, for the protection of others against unreasonable risks'"; (2) "the defendant failed to conform to that duty"; (3) there is "'[a] reasonably close causal connection between the [nonconforming] conduct and the resulting injury' to the claimant"; and (4) "some actual harm." *Williams v. Davis*, 974 So. 2d 1052, 1056 (Fla. 2007) (alterations in original) (citation omitted). Additionally, under Florida statutory law,

> [i]f a person slips and falls on a transitory foreign substance in a business establishment, the injured person must prove that the business establishment had actual or constructive knowledge of the dangerous condition and should have taken action to remedy it. Constructive knowledge may be proven by circumstantial evidence showing that:
>
> > (a) The dangerous condition existed for such a length of time that, in the exercise of ordinary care, the business establishment should have known of the condition; or
> >
> > (b) The condition occurred with regularity and was therefore foreseeable.

Fla. Stat. § 768.0755(1); *see also Lago v. Costco Wholesale Corp.*, 233 So. 3d 1248, 1250 (Fla. 3d DCA 2017) ("[I]n Florida Statutes section 768.0755 the legislature modified a business's duties when its invitees are injured by 'transitory foreign substances.'"). We need only consider the first form of proof -- evidence of the length of time that the dangerous condition existed -- to resolve this case.

"When considering whether there is an issue of fact for submission to a jury in transitory foreign substance cases, courts look to the length of time the condition existed before the accident occurred." *Wilson-Greene v. City of Miami*, 208 So. 3d 1271, 1275 (Fla. 3d DCA 2017). Florida's courts have found "at least fifteen to twenty minutes . . . to be sufficient for defendants to be charged with knowledge of the condition and a reasonable time in which to correct it." *Winn Dixie Stores, Inc. v. Williams*, 264 So. 2d 862, 864 (Fla. 3d DCA 1972);[1] *accord Lynch v. Target Stores, Div. of Dayton Hudson Corp.*, 790 So. 2d 1193, 1194 (Fla. 4th DCA 2001) (per curiam). Other decisions in Florida have determined that thirteen

---

[1] Although the statute codifying the actual or constructive knowledge requirement was enacted in 2010, Florida's courts have long recognized the requirement at common law. *See Owens v. Publix Supermarkets, Inc.*, 802 So. 2d 315, 320 (Fla. 2001). In 2002, the Florida legislature revoked that knowledge requirement in Florida Statute § 768.0710, but in 2010 it reinstated the requirement in Florida Statute § 768.0755. *See Pembroke Lakes Mall Ltd. v. McGruder*, 137 So. 3d 418, 423–26 (Fla. 4th DCA 2014). Florida case law drawn from before § 768.0710's effective date and after § 768.0755's codification guides our analysis.

22-10162               Opinion of the Court                    7

minutes or less is not enough time.  *See Oliver v. Winn-Dixie Stores, Inc.*, 291 So. 3d 126, 127–30 (Fla. 4th DCA 2020); *see also Walker v. Winn-Dixie Stores, Inc.*, 160 So. 3d 909, 912 (Fla. 1st DCA 2014) (holding "less than four minutes" to be insufficient).

It is rare, however, that there will be direct evidence of how long a substance was on the ground, and "the mere presence" of the substance "is not enough to establish constructive notice." *Delgado v. Laundromax, Inc.*, 65 So. 3d 1087, 1090 (Fla. 3d DCA 2011). So, in the absence of direct evidence, Florida law requires that the plaintiff introduce circumstantial evidence of "additional facts" showing that that the substance had been on the ground for an extended period before the slip-and-fall to survive summary judgment. *Id.*  Here, two pieces of circumstantial evidence -- when considered in a light most favorable to the non-moving party -- create a genuine dispute over the length of time that the grape was on the floor before Sutton fell.

First, and primarily, Sutton's own testimony created a jury issue on constructive notice.  Sutton did not see the grape before she fell.  After the fall, however, she testified that she saw a "dirty" grape with "track marks going through the grape and liquids," as well as "footprints."  Time and again, Florida's appellate "courts have found constructive notice" when "the offending liquid was dirty, scuffed, or had grocery-cart track marks running through it," or if there was "[o]ther evidence such as 'footprints, prior track marks, changes in consistency, [or] drying of the liquid.'" *Norman v. DCI Biologicals Dunedin, LLC*, 301 So. 3d 425, 429–30 (Fla. 2d

DCA 2020) (second alteration in original) (quoting *Palavicini v. Wal-Mart Stores E., LP*, 787 F. App'x 1007, 1012 (11th Cir. 2019) (per curiam)); *see also Welch v. CHLN, Inc.*, --- So. 3d ----, No. 5D22-357, 2023 WL 2542275, at *2–3 (Fla. 5th DCA Mar. 17, 2023); *Mashni v. Lasalle Partners Mgmt. Ltd.*, 842 So. 2d 1035, 1037–38 (Fla. 4th DCA 2003); *Cisneros v. Costco Wholesale Corp.*, 754 So. 2d 819, 821 (Fla. 3d DCA 2000); *Colon v. Outback Steakhouse of Fla., Inc.*, 721 So. 2d 769, 771 (Fla. 3d DCA 1998); *Woods v. Winn Dixie Stores, Inc.*, 621 So. 2d 710, 711–12 (Fla. 3d DCA 1993) (per curiam); *Zayre Corp. v. Bryant*, 528 So. 2d 516, 516 (Fla. 3d DCA 1988) (per curiam); *Camina v. Parliament Ins. Co.*, 417 So. 2d 1093, 1094 (Fla. 3d DCA 1982) (per curiam); *Winn-Dixie Stores, Inc. v. Guenther*, 395 So. 2d 244, 246 (Fla. 3d DCA 1981).

In sharp contrast, when there is "nothing about the description of the substance that would indicate the length of time it was on the floor, courts have precluded the jury from deciding the issue of negligence." *Owens*, 802 So. 2d at 321–22; *see also De Los Angeles v. Winn-Dixie Stores, Inc.*, 326 So. 3d 811, 812 (Fla. 3d DCA 2021); *Lago*, 233 So. 3d at 1251–52; *Encarnacion v. Lifemark Hosps. of Fla.*, 211 So. 3d 275, 278 (Fla. 3d DCA 2017); *Delgado*, 65 So. 3d at 1090; *Silver Springs Moose Lodge No. 1199 v. Orman*, 631 So. 2d 1119, 1121 (Fla. 5th DCA 1994); *Wal-Mart Stores, Inc. v. King*, 592 So. 2d 705, 705–07 (Fla. 5th DCA 1991); *Wilson v. Winn-Dixie Stores, Inc.*, 559 So. 2d 263, 263–64 (Fla. 2d DCA 1990); *Winn-Dixie Stores, Inc. v. Marcotte*, 553 So. 2d 213, 214–15 (Fla. 5th DCA

1989); *Broz v. Winn-Dixie Stores, Inc.*, 546 So. 2d 83, 83 (Fla. 3d DCA 1989) (per curiam).

The Fifth District Court of Appeal's opinion in *Welch* offers the most recent examination of this issue. *See* 2023 WL 2542275, at *1–3. In *Welch*, the trial court had granted summary judgment for the defendant in a slip-and-fall case where the evidence included dirty liquid and "footprints in the puddle that were going in different directions" and that the plaintiff testified, with "certainty," "were not hers." *Id.* at *1. The appellate court reversed, emphasizing that "[i]n trying to assess how long a substance has been sitting on a floor, courts look to several factors, including 'evidence of footprints, prior track marks, changes in consistency, [or] drying of the liquid.'" *Id.* at *2 (second alteration in original) (emphasis and citation omitted). It stressed that "footprints are a common feature of analogous slip and fall cases that survive summary judgment because they allow a jury to find that the substance was on the ground long enough for the defendant to discover it before the plaintiff's fall." *Id.* The court observed that while the "dirty, murky, and slimy" liquid was "not enough -- by itself -- to create a jury question on constructive knowledge," the additional testimony of "footprints in the puddle -- not belonging to" the plaintiff "raise[d] a fact question about [the defendant's] constructive knowledge." *Id.* As a result, the Fifth District Court of Appeal reversed the grant of summary judgment and remanded the case for trial. *Id.* at *3.

Here, Sutton unambiguously testified that there was a track mark and footprints through the grape. Thus, this case falls cleanly into the set of Florida cases that require a jury to decide whether the substance sat on the floor long enough to establish constructive notice. *See Woods*, 621 So. 2d at 711 ("Testimony of dirt, scuffing, or tracks in a substance generates sufficient inferences of constructive notice."); *Guenther*, 395 So. 2d at 246 ("Here, testimony that the liquid was dirty and scuffed and had several tracks running through it was, in our opinion, adequate to impute constructive notice of the hazardous condition to the store manager."). Unlike in *Welch*, there is no definitive testimony here about whether the footprints were made by Sutton or someone else. Although a jury might eventually decide that the footprints belonged to Sutton, "an equally compelling inference from the dirty appearance of the [grape] is that it had gone undetected on the floor for a sufficient period of time to place [Wal-Mart] on constructive notice." *Colon*, 721 So. 2d at 771. Additionally, however, Sutton's testimony is clear that she saw a track mark only a few inches away, and that also afforded the reasonable inference that the grape had been on the ground for a sufficient period of time to establish constructive notice. All told, a jury must decide the case.

Wal-Mart contends, however, that this case has "striking similarities" to *Oliver*, where Florida's Fourth District Court of Appeal affirmed an order granting summary judgment for a Winn-

22-10162                Opinion of the Court                11

Dixie after a woman slipped and fell on a grape in the store.[2]  291 So. 3d at 127, 130.  But, on closer examination, *Oliver* reinforces the principle that a track mark or footprints provide the "additional facts" necessary to create a genuine dispute over constructive knowledge.  *See Delgado*, 65 So. 3d at 1090.

---

[2] Wal-Mart also relies on *Berbridge v. Sam's East, Inc.*, 728 F. App'x 929 (11th Cir. 2018) (per curiam), and a slew of federal district court cases, claiming that in addition to evidence of a track mark or footprints a plaintiff must offer something more to create a genuine dispute of material fact.  Unlike the large body of Florida case law we have cited, these cases are not binding on this Court.  Rather, we are obliged to follow Florida's appellate courts in discerning Florida law.  But, in any event, Wal-Mart misapprehends some of their holdings -- which actually support reversal here.  In *Berbridge*, for instance, "the fact of a 'dirty' liquid substance" without additional evidence was not enough to survive summary judgment, but a panel of this Court observed that additional "circumstances . . . could support an inference of constructive knowledge."  *Id.* at 933.  Likewise, in one district court case, *Ayers v. Wal-Mart Stores, East, L.P.*, "[i]t [was] undisputed that the water was clean with no footprints, track marks, or smudges," so there were no additional facts establishing constructive notice.  No. 15-24663-CIV, 2017 WL 747541, at *1–3 (S.D. Fla. Feb. 27, 2017).

Three other district court cases cited by Wal-Mart suggest that a plaintiff needs something more than a track mark or footprints to reach a jury.  *See Hernandez v. Sam's E., Inc.*, No. 20-CV-61648, 2021 WL 1647887, at *5 (S.D. Fla. Apr. 26, 2021); *Granela v. Wal-Mart Stores E., L.P.*, No. 19-cv-23726, 2021 WL 768271, at *3 (S.D. Fla. Feb. 26, 2021); *Rubiano v. Costco Wholesale Corp.*, No. 15-cv-24291, 2016 WL 7540571, at *3 (S.D. Fla. Oct. 4, 2016).  Again, these cases are not binding, and they do not accurately recount Florida law.  *See Woods*, 621 So. 2d at 711 ("[T]racks in a substance generate[] [a] sufficient inference[] of constructive notice.").

In *Oliver*, the defendant Winn-Dixie presented evidence that an employee inspected the area and did not see any grape only thirteen minutes before the accident. 291 So. 3d at 127. After the fall, the only evidence offered was "a squished grape that 'appeared to have been stepped on' and 'a small amount' of clear liquid in the area, with 'one slip mark' leading to the grape." *Id.* at 128. Notably, employees testified "that 'there were no cart tracks or footprints in the area'" and that they "did not know how long the grape was on the floor or how it got there." *Id.* In affirming the entry of summary judgment for Winn-Dixie, the court stressed that "[t]here was . . . no testimony of wheel tracks through the liquid" and "[i]n fact, the testimony showed that no wheel tracks were present." *Id.* at 129. The remaining body of evidence "hardly establish[ed] that the dangerous condition existed for such a length of time that in the exercise of reasonable care the condition would have been known to the defendant." *Id.* (quotation marks and citation omitted).

This case includes the very evidence that was absent from *Oliver*. While Wal-Mart employee Orilus inspected the area shortly before the fall and did not see the grape, Sutton rebutted this with a proffer about a track mark and footprints. When taken in a light most favorable to the non-moving party, this corpus of evidence is sufficient to create a genuine issue of material fact. *See Woods*, 621 So. 2d at 711.

In the second place, the video evidence presented also creates a material issue of fact in dispute about constructive

22-10162              Opinion of the Court                  13

notice. *See Tallahassee Med. Ctr., Inc. v. Kemp*, 324 So. 3d 14, 16 (Fla. 1st DCA 2021) (per curiam) (noting that a plaintiff "may use circumstantial evidence -- like the video evidence here -- to prove her case"). The video spans an hour and fifteen minutes before Sutton's fall; and it runs two hours in all. The video never shows anyone dropping a grape on the floor. As Wal-Mart admits, "the video does not show the alleged condition, how it got on the floor, or when." A reasonable jury could infer from the absence of a clear moment when the grape fell to the floor in the video that the grape had been on the floor for more than one hour -- far exceeding the time required for constructive knowledge. *See Williams*, 264 So. 2d at 864.

Nevertheless, Wal-Mart insists that the affidavits of Roberts and Orilus establish not only that they walked by a total of three times over the course of an hour (and one time ten minutes) before the fall, but that they never saw a grape. That testimony is undermined by the account offered by Sutton and the video itself. So a jury must settle the score. Wal-Mart also argues that Sutton did not present evidence of where the grape came from, how it landed on the floor, or when it got there. All of that is true. But Florida law does not demand direct evidence about who or what caused the dangerous substance and when exactly it happened. Instead, circumstantial evidence that sufficiently establishes the dangerous condition was present for a long enough period of time is enough. *See* Fla. Stat. § 768.0755(1)(a). Taken in a light most favorable to the plaintiff, Sutton offered ample evidence.

Accordingly, we **REVERSE** the district court's order granting final summary judgment for Wal-Mart and **REMAND** this case to the district court for a jury trial.