[DO NOT PUBLISH]

In the

# United States Court of Appeals

### For the Eleventh Circuit

_____

No. 22-12927

Non-Argument Calendar

_____

LARRY COTTON,

Plaintiff-Appellant,

*versus*

SGT. COOPER,
SGT KNIGHT,
LT. WALKER,
SGT. JORDAN,
P. MYERS,
Captain, et al.,

Defendants-Appellees.

_____

Appeal from the United States District Court
for the Middle District of Alabama
D.C. Docket No. 2:19-cv-00359-MHT-CSC

_____

Before ROSENBAUM, GRANT, and ANDERSON, Circuit Judges.

PER CURIAM:

Larry Cotton, an Alabama state prisoner proceeding pro se, appeals the district court's order granting summary judgment in favor of the defendants—current and former Alabama Department of Corrections officials—on his Eighth Amendment deliberate indifference and First Amendment access-to-courts claims. We affirm in part and vacate and remand in part. Cotton has abandoned his access-to-courts claim on appeal, so we affirm the district court's grant of summary judgment on that claim. But because the magistrate judge applied the wrong legal standard in evaluating the merits of Cotton's deliberate indifference claim, we partially vacate the district court's grant of summary judgment and remand for the court to consider Cotton's evidence under the correct legal standard.

**I.**

We review a district court's grant of summary judgment de novo, viewing the evidence in the light most favorable to the nonmoving party and drawing all reasonable inferences in their favor. *Sutton v. Wal-Mart Stores East, LP*, 64 F.4th 1166, 1168 (11th Cir. 2023). Summary judgment is appropriate when "there is no

genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a).[1]

Pro se pleadings are construed liberally. *Campbell v. Air Jamaica Ltd.*, 760 F.3d 1165, 1168 (11th Cir. 2014). But "this leniency does not give a court license to serve as *de facto* counsel for a party, or to rewrite an otherwise deficient pleading in order to sustain an action." *Id.* at 1168–69 (quotation omitted).

## II.

The Eighth Amendment prohibits the infliction of "cruel and unusual punishments." U.S. Const. amend VIII. Under the Eighth Amendment, prison custodians are not the "guarantor[s] of a prisoner's safety." *Purcell ex rel. Est. of Morgan v. Toombs Cnty.*, 400 F.3d 1313, 1321 (11th Cir. 2005) (quotation omitted). The Eighth Amendment does, however, require that "inmates be furnished with the basic human needs, one of which is reasonable safety." *Helling v. McKinney*, 509 U.S. 25, 33 (1993) (quotation omitted). Subjecting prisoners to "life-threatening condition[s]" while incarcerated is an unnecessary and wanton infliction of pain that constitutes "cruel and unusual punishment." *Id.* Thus, the Eighth Amendment provides an inmate with the right to be reasonably

---

[1] To the extent that Cotton argues on appeal that the district court's grant of summary judgment violated his Seventh Amendment right to a jury trial, this argument is foreclosed by longstanding precedent. "The Supreme Court made clear long ago that summary judgment does not violate the Seventh Amendment." *Jefferson v. Sewon Am., Inc.*, 891 F.3d 911, 919 (11th Cir. 2018) (quotation omitted).

protected from an "excessive risk of inmate-on-inmate violence." *Purcell*, 400 F.3d at 1320. To sufficiently allege a deliberate indifference claim, a plaintiff must state facts showing "(1) a substantial risk of serious harm; (2) the defendants' deliberate indifference to that risk; and (3) causation." *Hale v. Tallapoosa Cnty.*, 50 F.3d 1579, 1582 (11th Cir. 1995).

The first element requires a showing of incarceration under conditions that objectively pose a "substantial risk of serious harm." *Cox v. Nobles*, 15 F.4th 1350, 1358 (11th Cir. 2021) (quotation omitted). To satisfy this element under a generalized risk of violence theory, a plaintiff must show that the conditions of confinement at the time of the officials' conduct "were extreme and posed an unreasonable risk of serious injury to his future health or safety." *Marbury v. Warden*, 936 F.3d 1227, 1233 (11th Cir. 2019) (quotation omitted). "While occasional, isolated attacks by one prisoner on another may not constitute cruel and unusual punishment, confinement in a prison where violence and terror reign is actionable." *Id.* at 1234 (alteration adopted and quotation omitted). To establish this showing, the plaintiff must show that "serious inmate-on-inmate violence was the norm or something close to it." *Id.* at 1234 (quotation omitted).

For the second element, "the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and also draw the inference." *Id.* at 1233 (alteration adopted and quotation omitted). "Whether a prison official had the requisite knowledge of a substantial risk is a

question of fact subject to demonstration in the usual ways, including inference from circumstantial evidence." *Hale*, 50 F.3d at 1583 (quotation omitted). Thus, a court "may conclude that a prison official knew of a substantial risk from the very fact that the risk was obvious." *Id.* (quotation omitted). In the context of claims regarding an excessive risk of inmate assaults, the plaintiff need not show that he notified an official that he feared an attack. *Id.* The plaintiff must also produce evidence that, with knowledge of the substantial risk of serious harm, the government official "knowingly or recklessly disregarded that risk by failing to take reasonable measures to abate it." *Id.* (alteration adopted and quotation omitted).

Finally, the plaintiff must show proof of "an affirmative causal connection between the actions taken by a particular person . . . and the constitutional deprivation." *LaMarca v. Turner*, 995 F.2d 1526, 1538 (11th Cir. 1993) (quotation omitted).

Cotton's Eighth Amendment claim asserts that, while incarcerated at Ventress Correctional Facility, he was subjected to an excessive risk of prisoner-on-prisoner violence. His complaint alleges that he witnessed multiple incidents of beatings, stabbings, and rape, some occurring less than four feet away from him. He describes a prison environment where the strong preyed on the weak with impunity, leaving him "in fear of [his] life every day." He alleges that, as a result, he suffered significant mental and emotional injury and had to seek medical treatment.

Cotton further alleges that these violent and unsafe conditions were perpetuated by understaffing and overcrowding, and that defendants were aware of the violent conditions in the prison but failed to make any changes. He specifically alleges that the wardens allowed the officers to lock the dorms and leave the prisoners unsupervised without separating the violent prisoners from the weak and nonviolent prisoners.

In support of these contentions, Cotton submitted sworn affidavits from himself and several other prisoners at Ventress. These affidavits generally describe an atmosphere of regular prisoner-on-prisoner violence, and also detail specific assaults. David Harmon's affidavit, for example, states that in the previous two months, he had been "extorted on several occasions," "assaulted by numerous inmates, along with gangs," "hit with a whip and lock," and had "a knife and two (2) ice picks put in [his] face." Donald Knight's affidavit describes another inmate stabbing him twice, which pierced his spine and severely injured him. And Josh Roberts's affidavit states that he was cut by a fellow prisoner eight times over an outstanding debt; when he was moved to a different lock-up, another prisoner attempted to stab him in the face through his cell window with a long, sharp rod.

Several of these affidavits also assert that correctional officials at Ventress, including some of the named defendants, either personally witnessed incidents of prisoner violence or were informed of them by the affiants; either way, they did nothing in response. Some specific assaults were recorded by the inmates and

posted on the video-sharing platform WorldStarHipHop, where they went "viral."

The magistrate judge concluded that Cotton could not succeed on his deliberate indifference claim because he never personally "allege[d] that he ha[d] been the victim of any violent attack by a fellow prisoner or guard," or "allege[d] that any Defendant knew a risk of serious harm existed to him and disregarded the risk."  The magistrate judge also apparently disregarded the affidavits submitted by other inmates at Ventress as impermissible attempts to raise third-party claims on those inmates' behalf.  The district court adopted the magistrate judge's recommendation.

But to succeed on a deliberate indifference claim, a prison inmate need not show that he was personally subject to a previous attack because "the Eighth Amendment protects against future harm to inmates." *Helling*, 509 U.S. at 33.  "[C]onfinement in a prison where violence and terror reign" is itself actionable—a plaintiff "need not await a tragic event" before bringing suit. *Marbury*, 936 F.3d at 1234; *Helling*, 509 U.S. at 33.

Nor must Cotton show that the prison officials knew of a specific risk *to him*.  While "relevant, a claimant's failure to give advance notice of an attack is not dispositive" and "an official may not escape liability merely by showing that he did not know the claimant was likely to be assaulted."  *Hale*, 50 F.3d at 1583 (alteration adopted and quotation omitted).  Cotton need show not that the defendants "knew precisely who would attack whom," but

rather that they "had subjective knowledge of a generalized, substantial risk of serious harm from inmate violence" and that they "knowingly or recklessly disregarded that risk by failing to take reasonable measures to abate it." *Id.* (alteration adopted and quotation omitted).

The affidavits from Cotton's fellow inmates may be relevant in this regard—not as attempts to raise third-party claims on other prisoners' behalf, but as evidence that there existed extreme conditions at the jail posing "an unreasonable risk of serious injury to [Cotton's] future health or safety." *Marbury*, 936 F.3d at 1233 (quotation omitted). Likewise, the affidavits may also be relevant evidence on the question of whether the defendants subjectively knew about the generalized risk from inmate-on-inmate violence but failed to take action to abate it. Accordingly, we vacate the district court's order granting summary judgment to the defendants on Cotton's Eighth Amendment claim and remand for consideration of Cotton's evidence in the first instance under the correct legal standards.

Finally, the district court also granted summary judgment to the defendants on Cotton's First Amendment access-to-courts claim. While he mentioned this claim in his notice of appeal, he did not address it in his brief. Although pro se pleadings are held to a less stringent standard, any issues not briefed on appeal by a pro se litigant are deemed abandoned. *Timson v. Sampson*, 518 F.3d 870, 874 (11th Cir. 2008). Accordingly, we affirm the district court's

22-12927              Opinion of the Court                    9

grant of summary judgment on this count.  *See Sapuppo v. Allstate Floridian Ins.*, 739 F.3d 678, 683 (11th Cir. 2014).

**AFFIRMED IN PART; VACATED AND REMANDED IN PART.**