[DO NOT PUBLISH]

In the

# United States Court of Appeals

## For the Eleventh Circuit

_____

No. 23-12658

Non-Argument Calendar

_____

ISRAEL ROSELL,
ROBERTO GONZALEZ,
for themselves and on behalf of those similarly
situated,

Plaintiffs-Appellants,

ALLAN CHOW, et al.,

Plaintiffs,

*versus*

VMSB, LLC,
a Florida Limited Liability Company
d.b.a. Gianni's
d.b.a. CASA CASUARINA,

Defendant-Appellee.

_____

Appeal from the United States District Court
for the Southern District of Florida
D.C. Docket No. 1:20-cv-20857-KMW

_____

Before GRANT, BRASHER, and ABUDU, Circuit Judges.

PER CURIAM:

Israel Rosell and Roberto Gonzalez—a bartender and a server at Gianni's, an upscale restaurant housed in the former Versace Mansion in Miami Beach, Florida—sued their employer and owner of the restaurant, VMSB, LLC, for alleged violations of the Fair Labor Standards Act and the Florida Minimum Wage Act. Their claim that VMSB paid less than minimum wage turns on whether an automatic charge applied to all customer bills counts as a tip or as a mandatory service charge. We have previously held, in a case with nearly identical facts, that such a fee is a service charge, not a tip, and can lawfully be used to offset an employer restaurant's wage obligations under the Fair Labor Standards Act. *Compere v. Nusret Miami, LLC*, 28 F.4th 1180, 1182 (11th Cir. 2022). Rosell and Gonzalez's contrary arguments are foreclosed by *Compere*. Accordingly, we affirm.

## I.

Customers at Gianni's are automatically assessed a fixed percentage of the total sales price of their food and drink as a service charge.  This service charge was set at 20% from 2015 until mid-2017, after which it was increased to 22%.  VMSB instructs waitstaff to inform customers of the automatic service charge upon presentation of the menu; restaurant policy also prohibits employees from removing this charge from the bill.  Despite this policy, restaurant staff occasionally removed the service charge anyway in response to customer complaints about service.

On a customer's bill, the restaurant's point-of-sale system displays the service charge as its own line item.  Separately from this entry, the final check also contains a line for the customer to include a discretionary tip.  Service charges are shared between the restaurant and employees: 90% of the total goes to front-of-house employees, while 10% is retained by the restaurant.  On the other hand, 100% of any gratuity paid by a customer is kept by the employee who served that guest.

The federal minimum wage set by the Fair Labor Standards Act is $7.25 per hour.  During the relevant period, Florida's minimum wage was higher, starting at $8.10 per hour in 2017 and rising to $8.65 per hour in 2020.  VMSB paid both Rosell and Gonzalez a direct wage of $5.65 per hour, plus their share of the service charges imposed on each customer's check.  They also kept any gratuities from customers they individually received.  It is undisputed that, while the direct wage of $5.65 per hour was below

the state and federal minimums, if the service charge distributions are counted as well, both Rosell and Gonzales were paid well in excess of minimum wage.

Rosell and Gonzales sued VMSB on three counts: a violation of the federal minimum wage under the Fair Labor Standards Act, a violation of Florida's state minimum wage under the Florida Minimum Wage Act, and a violation of the Fair Labor Standards Act's overtime pay obligations. The district court granted partial summary judgment to VMSB on both minimum wage counts, and the parties settled the overtime count. This is Rosell and Gonzales's second attempt to appeal their minimum wage claims; the first time around, their attempt to voluntarily dismiss the settled overtime count was procedurally defective, leaving it pending before the district court and depriving this Court of appellate jurisdiction. *See Rosell v. VMSB, LLC*, 67 F.4th 1141 (11th Cir. 2023). This time, Rosell and Gonzales have fixed the problem by amending their complaint to drop the overtime claim, meaning they have obtained a final judgment as to all their outstanding claims. We may now exercise jurisdiction over the appeal.

## II.

We review a district court's grant of summary judgment de novo, viewing the evidence in the light most favorable to the nonmoving party and drawing all reasonable inferences in its favor. *Sutton v. Wal-Mart Stores East, LP*, 64 F.4th 1166, 1168 (11th Cir. 2023). Summary judgment is appropriate when "there is no

genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a).

## III.

Rosell and Gonzalez's minimum wage claims turn on whether their service charge distributions can count toward VMSB's minimum wage obligations, or whether the charge should count as a tip and be excluded from the minimum wage calculation. In *Compere v. Nusret Miami, LLC*, we analyzed another restaurant's nearly identical service charge arrangement. There, we explained that "the critical feature of a 'tip' is that '[w]hether a tip is to be given, and its amount, are matters *determined solely by the customer.*'" *Compere*, 28 F.4th at 1186 (quoting 29 C.F.R. § 531.52(a)). "Distinct from 'a payment of a charge, if any made for the service,' a tip is presented by a customer 'as a gift or gratuity in recognition of some service performed for the customer.'" *Id.* (quoting 29 C.F.R. § 531.52(a)). By contrast, a "compulsory charge for service," like a flat percent applied to the total amount of a bill, "imposed on a customer by an employer's establishment, is not a tip." *Id.* at 1187 (quoting 29 C.F.R. § 531.55(a)).

Applying these principles, we held that the defendant-restaurant's mandatory service charge of 18% automatically applied to all customer bills qualified as "a bona fide service charge and not a tip," and thus "could lawfully be used to offset [the restaurant's] wage obligations under the FLSA." *Id.* at 1182, 1189. *Compere* answers this nearly identical case: VMSB's mandatory fee

of 20–22%, applied to all customers' bills, is a service charge, not a tip, and can count towards VMSB's minimum wage obligations.

Rosell and Gonzalez attempt to escape *Compere*'s holding by arguing that VMSB had reported the service charge fees as employee tips rather than as part of its gross receipts on its federal tax returns. They argue that VMSB should be estopped in this Court from now arguing that the same fees were actually *not* tips, for purposes of the Fair Labor Standards Act.

*Compere* has already answered this objection. The employees there also argued that the classification of a fee as a service charge or a tip turned on the restaurant's tax returns: they argued that "a service charge is a tip unless an employer includes the service charges in their gross receipts for tax purposes." *Id.* at 1187 (alteration adopted) (quotation omitted). We rejected this argument, stating that an employer's "tax returns are irrelevant to determining whether the service charge is a tip." *Id.* at 1188 n.14. Whether the charge was a tip turned on whether the customer had any discretionary say in whether to pay the charge or its amount, not how the restaurant had reported the charge to the IRS. *Id.* at 1185–88.

Rosell and Gonzalez argue that *Compere*'s statements about the relevance of tax returns are dicta because the "*Compere* court did not have the sworn tax returns before it." As we have explained many times, "a statement that neither constitutes the holding of a case, nor arises from a part of the opinion that is necessary to the holding of the case is dicta" and "not binding on anyone for any

purpose." *Rudolph v. United States*, 92 F.4th 1038, 1045 (11th Cir. 2024) (quotations omitted). And it is true that the record in *Compere* did not include whether the restaurant there had reported its service charge to the IRS as tips or as part of its gross receipts. *Compere*, 28 F.4th at 1184.

But that does not render *Compere*'s rejection of the relevance of tax returns dicta. The employees in *Compere* argued that the fact that the record did not answer how the restaurant was treating the service charge on its tax returns meant that summary judgment was premature, and they sought to take the deposition of the restaurant's accountant, who they said would testify about how the restaurant characterized the charge in its tax filings. *Id.* at 1184, 1189. We affirmed the district court's grant of summary judgment to the restaurant even without this information, reasoning that the tax returns were "irrelevant" to the inquiry and that summary judgment was appropriate because there existed no genuine dispute on any material facts. *Id.* at 1187. That conclusion was therefore "necessary to the holding of" *Compere*, meaning that it is not dicta and is binding on the Court in this case. *Rudolph*, 92 F.4th at 1045 (quotation omitted).

Rosell and Gonzalez also attempt to distinguish *Compere* by arguing that VMSB occasionally waived the service charge in response to customer complaints about service. They argue that if a restaurant *ever* removes the service charge, it is not "mandatory" and therefore is properly characterized as a discretionary tip. Again, *Compere* forecloses this argument. There, as here, restaurant

"managers had discretion to remove the charges on the bills of dissatisfied customers." *Id.* at 1188. We wrote that that fact was "irrelevant," because "the relevant question is whether the decision to pay the given sum is 'determined solely by the *customer*'" and the "customers had no ability to determine on their own whether they would pay the service charge." *Id.* (quoting 29 C.F.R. § 531.52(a)). So too here.

⋆    ⋆    ⋆

VMSB's service charge is identical to that analyzed in *Compere* in all material respects. Consistent with *Compere*, then, we hold that VMSB's service charge is not a discretionary tip for purposes of the Fair Labor Standards Act and that distributions from the service charge to employees may be lawfully counted against VMSB's minimum wage obligations. The district court's grant of summary judgment to VMSB on Rosell and Gonzalez's minimum wage claims is thus **AFFIRMED**.