# FIFTH DISTRICT COURT OF APPEAL
# STATE OF FLORIDA

———————————————

Case No. 5D2022-2821
LT Case No. 2020-CA-0370

———————————————

SANDRA LEFTWICH,

 Appellant,

 v.

WAL-MART STORES EAST, LP and
THOMAS SCHOENDORF,

 Appellees.

———————————————

On appeal from the Circuit Court for Hernando County.
Donald E. Scaglione, Judge.

Brian J. Lee, of Morgan & Morgan, Jacksonville, for Appellant.

Andrew S. Bolin and Christie Alisca, of Bolin Law Group, Tampa
for Appellee, Wal-Mart Stores East, LP.

No Appearance for Appellee, Thomas Schoendorf.

May 24, 2024

**ON REHEARING EN BANC**

PER CURIAM.

 DENIED.

EDWARDS, C.J., and WALLIS, LAMBERT, JAY, EISNAUGLE, SOUD,
BOATWRIGHT, KILBANE, MACIVER, and PRATT, JJ., concur.

MAKAR, J., dissents with opinion.

HARRIS, J., recused from en banc consideration.

_____

***Not final until disposition of any timely and authorized motion under Fla. R. App. P. 9.330 or 9.331.***

_____

MAKAR, J., dissenting from denial of rehearing en banc.

En banc review in this personal injury case, which involves the transitory foreign substance statute, section 768.0755(1), Florida Statutes, is appropriate to ensure decisional uniformity[1] in this class of summary judgment cases applying the statute. Such cases are reviewed under a deferential standard of appellate review that requires courts to view evidence in a light most favorable to the non-moving party, which is the injured plaintiff, Leftwich, in this case. *See Welch v. CHLN, Inc.*, 357 So. 3d 1277, 1278 (Fla. 5th DCA 2023).

With due respect, the panel decision in *Welch* and the majority opinion in this case are in conflict. Both involve customers who slipped and fell on substances on the floors of businesses; both address whether sufficient evidence was presented to survive summary judgment on the question of whether the businesses could be found to have had *constructive knowledge* of the presence of the substances. The evidence in both cases is remarkably similar: testimony that the customer slipped on a substance that had dirty wheel marks and/or dirty footprints going through it or nearby, indicating that the substance had not just appeared but had been on the floor long enough to have been discovered with ordinary care. Direct evidence of how long a substance was on the floor is unnecessary. As the statute specifies, "[c]onstructive knowledge may be proven by

---

[1] *See Chase Fed. Sav. & Loan Ass'n v. Schreiber*, 479 So. 2d 90, 93 (Fla. 1985) (The en banc process "is designed to help the district courts avoid conflict, assure harmonious decisions within the courts' geographic boundaries, and develop predictability of the law within their jurisdiction. Consistency of decisions within each district is essential to the credibility of the district courts."); *see also* Fla. R. App. P. 9.331(a) (En banc review is appropriate where "necessary to maintain uniformity in the court's decisions."); 5th DCA IOP 6.4.

circumstantial evidence showing that [t]he dangerous condition existed for such a length of time that, in the exercise of ordinary care, the business establishment should have known of the condition[.]" § 768.0755(1)(a), Fla. Stat. (2024).

The unanimous panel in *Welch* reviewed the evidence, construed it in the customer's favor, and canvassed existing caselaw on the extent to which footprints and other markings are "plus" factors in creating a jury question as to constructive knowledge. The panel concluded that

> [l]ike the plaintiffs' testimony in those cases, a "reasonable jury could credit [Appellant's] testimony and infer that the tracked footprints" she observed in the large amount of dirty liquid "indicated that the liquid substance was there long enough for several individuals, perhaps more than two, to walk through it such that [the restaurant] should have detected it."

357 So. 3d at 1279 (citation omitted). In addition, the panel noted that its conclusion was "reinforced by the presence of at least one [restaurant] employee stationed at the salad bar 'at all times.'" *Welch*, 357 So. 3d at 1279 (citing cases holding that the presence of employees in the area strengthens a constructive knowledge claim). The panel concluded that the customer's "testimony about the large amount of dirty liquid and the footprints therein—along with the general manager's testimony about the presence of the salad bar employees—is enough to raise a genuine dispute of material fact as to [the restaurant's] constructive knowledge." *Id.* at 1280.[2] It reversed the order granting summary judgment.

---

[2] The panel cited *Winn-Dixie Stores, Inc. v. Guenther*, 395 So. 2d 244, 246 (Fla. 3d DCA 1981) ("[T]estimony that the liquid was dirty and scuffed and had several tracks running through it was . . . adequate to impute constructive notice of the hazardous condition to the store manager. Furthermore, evidence that the manager could have seen the spilled substance from his vantage point within the store bolsters our conclusion.").

In contrast, the majority in this case, on essentially identical evidence, concluded that summary judgment for Wal-Mart was proper. The majority conceded that reversal for a trial would be proper based on the footprint and marks in the liquid and the presence of an employee who was in the area (who claimed the liquid was on the floor less than ten minutes), but concluded that a video showing "a multitude of customers standing, walking, and pushing carts through the exact spot where the liquid was found" created the potential for any one of them to have spilled a liquid "potentially within seconds" of Leftwich's fall. In doing so, the majority did two things: it gave full credence to the employee's testimony that no liquid was present and conjectured thereby that the liquid must have come from one of the customers on the video passing through the area at that time. But *Welch* controls in this situation because (a) a jury could choose to not believe the employee's testimony and, instead, believe that of Leftwich and (b) a jury could rightly reject that the substance came from any one of those customers on the video because no evidence exits that any one of them spilled anything (i.e., it is entirely speculative).[3] Judge Soud's dissent thoroughly discusses and analyzes this point and why reversal is required under *Welch*.

It is noteworthy that the Eleventh Circuit recently favorably cited and quoted *Welch* at length in concluding that summary judgment for Wal-Mart was improper where a customer testified to slipping on a squished grape that was "dirty" and that track marks and footprints were nearby. *Sutton v. Wal-Mart Stores E., LP*, 64 F.4th 1166, 1168 (11th Cir. 2023). As here, employees testified they didn't see anything on the floor and a two-hour video did "not conclusively establish much." *Id.* In its legal analysis, the court notably said that "[t]ime and again, Florida's appellate 'courts have found constructive notice' when 'the

---

[3] To the extent the majority relied on *Oliver v. Winn-Dixie Stores, Inc.*, 291 So. 3d 126, 129 (Fla. 4th DCA 2020), it bears noting that in that case there was "no testimony of wheel tracks through the liquid" as in this case; instead, "the testimony showed that no wheel tracks were present." *Id.*

5

offending liquid was dirty, scuffed, or had grocery-cart track marks running through it,' or if there was '[o]ther evidence such as "footprints, prior track marks, changes in consistency, [or] drying of the liquid."'" *Id.* at 1170 (citations omitted) (referencing cases from the Second, Third, Fourth and Fifth Districts). Because the customer "unambiguously testified that there was a track mark and footprints through the grape . . . , this case falls cleanly into the set of Florida cases that require a jury to decide whether the substance sat on the floor long enough to establish constructive notice." *Id.* at 1171. *Sutton* issued from a federal appellate court whose jurisdiction includes Florida; as such, it is "bound by the decisions of the Florida district courts of appeal that address the disputed issue, unless there is an indication that the supreme court would not adhere to the district court's decision." *Id.* at 1168 (citation omitted).

Because of the conflict between *Welch* and this case, en banc review is appropriate and would be helpful to the personal injury bar. The conflict is sufficient to warrant review because intra-district conflict need "not meet the more exacting definition of 'express and direct conflict' in the context of the supreme court's discretionary jurisdiction." *Jones v. State*, 790 So. 2d 1194, 1196 n.1 (Fla. 1st DCA 2001) (deciding to hear the case "to resolve a conflict in our opinions regarding the applicable standard of review"). Moreover, "a primary function of the en banc rule is to . . . minimize the importance of the 'luck of the [appellate] draw' in presenting cases before our increasingly multi-member courts." *Schreiber v. Chase Fed. Sav. & Loan Ass'n*, 422 So. 2d 911, 912 n.1 (Fla. 3d DCA 1982) (internal citation omitted) ("[A]n appropriate standard or rule-of-thumb is the rather practical one that decisions lack uniformity whenever it appears that they are so inconsistent and disharmonious that they would not have been rendered by the same panel of the court."), *decision quashed on other grounds,* 479 So. 2d 90 (Fla. 1985). Here, two panels composed of different judges reached different results based on essentially identical evidence.

In conclusion, for the reasons in Leftwich's motion for rehearing en banc, as well as Judge Soud's dissenting opinion, en banc review is warranted.